Chad Justin WELDON, Appellant,

v.

Rhonda Sue WELDON, Appellee.

No. 06–97–00091–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 2, 1998.

Decided April 28, 1998.

---

12. *See Hunt Developers, Inc. v. Western Steel Co.,* 409 S.W.2d 443, 449 (Tex.Civ.App.-Corpus Christi 1966, no writ).

Martin M. Strahan, Michael C. Frye, Minor & Jester, Denton, for appellant.

C. Jane Thacker, Wood, Springer and Lyle, Denton, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Chad Justin Weldon appeals from the trial court's decision in favor of Rhonda Sue Weldon in an April 1997 modification of a divorce decree. Specifically, Chad appeals from the trial court's denial of his request that the divorce decree be modified to allow him to surrender the couple's child at the child's school when school resumes following weekend visitations. He contends that the trial court abused its discretion by failing to follow the mandatory statutory guidelines regarding Chad's election to surrender his child at the end of weekend visitations at the child's school.

Chad and Rhonda Weldon divorced on January 19, 1995. The Weldons had one child during the marriage. Chad and Rhonda were named joint managing conservators of the child with Rhonda having the exclusive right to establish the child's residence in Denton County, Texas.

On December 3, 1996, Chad filed an Amended Motion to Modify in Suit Affecting the Parent–Child Relationship. In that motion, Chad requested that the court modify the divorce decree as follows:

> 4. *Weekends.* On weekends the Respondent shall pick the child up from school on the first third, and fifth Friday of each month and ending on Monday a.m. when Respondent shall take the child to school in the morning.

Rhonda agreed to allow Chad to pick the child up after school at the beginning of his weekend visitation, but did not agree that he be permitted to return the child to school in the morning when school resumes.

A hearing on Chad's motion was held on April 4, 1997. At that hearing, the trial court found that there had been no material or substantial change since the decree was entered and denied Chad's request. The trial court entered an order reflecting this ruling on April 16, 1997.

■ Chad argues that his request to surrender his child at the end of weekend visitations at the child's school when school resumes is an election under the Family Code, not subject to any discretion on the part of the trial court. We disagree.

Section 153.316 of the Family Code [1] sets out the terms of a standard possession order and includes the above election.[2] The section provides:

---

1. Tex. Fam.Code Ann. § 153.316 (Vernon Supp. 1998).

2. Even though the standard possession order under Section 153.316 sets out the possessory rights of the possessory conservator, the Section applies to joint managing conservators not awarded primary physical residence of the child pursuant to Tex. Fam.Code Ann. § 153.137 (Vernon 1996).

The court shall order the following general terms and conditions of possession of a child to apply without regard to the distance between the residence of a parent and the child:

. . . .

    *(4) if the possessory conservator elects to end a period of possession at the time the child's school resumes, the possessory conservator shall surrender the child to the managing conservator at the end of each period of possession at the school in which the child is enrolled.*

The trial court, in denying Chad's motion, stated: "I really see very little, if any, evidence of a material or substantial change since the decree was entered in this case." Chad argues that this statement shows the trial court's application of an incorrect standard because he did not have to meet that or any other burden to have his relief granted. He contends that, under Section 153.316, the elections listed are mandatory upon request once the trial court orders a standard possession order due to the "shall" language. This language shows that there is no discretion upon request of the election.

▪ Chad's reliance on Section 153.316 and its mandatory language is misplaced. The trial court's decision was on a motion to modify an *existing* possession order, not on an *initial* possession order. Therefore, Section 156.301, entitled "Grounds for Modification of Possession and Access" is the appropriate section under these circumstances. Section 156.301 [3] provides:

    The court may modify an order that sets the terms and conditions for possession of or access to a child or that prescribes the relative rights, privileges, duties, and powers of conservators if:

    (1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the rendition of the order;

    (2) the order has become unworkable or inappropriate under existing circumstances;

    (3) the notice of change of a conservator's residence required by Chapter 153 was not given or there was a change in a conservator's residence to a place outside this state; or

    (4) a conservator has repeatedly failed to give notice of an inability to exercise possessory rights.

In *Maixner v. Maixner*,[4] the court held that a trial judge has discretion in determining if a material or substantial change has occurred to warrant a modification of a prior order. The standard of review for modification of a prior order is abuse of discretion.[5]

Section 156.302 [6] addresses the effect of the statutory guidelines in a modification:

    (a) The court may consider the guidelines for possession of and access to a child in Chapter 153 to determine if there has been a material and substantial change in circumstances or if the order has become unworkable or inappropriate under this subchapter in determining whether a modification of the existing order for possession of or access to a child by a parent is in the best interest of the child.

    (b) The court may modify an order for possession of and access to a child that does not substantially conform to the standard possession order if the modification is in the best interest of the child.

Because this was a modification hearing, not an original custody hearing, the mandatory provision of Chapter 153 cited by Chad does not apply. Chad must first meet one of the four requirements for modification under Section 156.301. If successful under that section, the trial court may then consider the guidelines for possession of and access to a child under Chapter 153.[7]

3. Tex. Fam.Code Ann. § 156.301 (Vernon 1996); *see also Prause v. Wilder*, 820 S.W.2d 386, 387 (Tex.App.-Texarkana 1991, no writ) (party requesting modification of visitation must show requirements of statute).

4. 641 S.W.2d 374, 376 (Tex.App.-Dallas 1982, no writ).

5. *Id.*

6. Tex. Fam.Code ANN. § 156.302 (Vernon 1996).

7. *Id.*

Section 153.317 of the Family Code also addresses the applicable possession election. The pertinent portion of Section 153.317 in effect at the time of Chad's request for modification states that, if a child is enrolled in school and the possessory conservator elects, *either at the time of the original or modification order*, the standard order *may* expressly provide that the possessory conservator's period of possession shall begin at the time school is dismissed and end at the time school resumes.[8]

Section 153.317 was revised in 1997,[9] and the word "may" was changed to "must." This change, according to Chad, is evidence of the Legislature's intent to make the election mandatory, not discretionary, upon request at the time of the original order or upon modification. Chad argues that the change is also evidence that the 1996 version of the code section, the version applicable to this case, was also intended to be mandatory. We disagree.

■■■■ Use of the word "may" in a statute shows that the provision is directory and not mandatory.[10] The legislature chose to use the word "may" in this section regarding alternative possession times in original orders and orders on modification. Had the legislature intended to make the section mandatory at the time, it would have used "shall," as it did in Section 153.316, setting out similar terms in standard possession orders, or "must," as it did in the revised Section 153.317. We must presume that all words chosen by the legislature were used for a purpose.[11] This is true despite the legislature's subsequent revision of the statute. A trial judge rules on a statute that is in effect at the time of the case and is not in the position of predicting future changes by the legislature.

Under the 1996 version of Section 153.317, the trial court's decision to grant a requested election was discretionary. The trial court did not err in applying the "material and substantial change" standard in making its decisions because that is a proper ground for modification under Section 156.301.

■■■■ The question of whether a material and substantial change of circumstances has occurred lies within the sound discretion of the trial judge.[12] There is nothing in the record that indicates a material and substantial change in the circumstances of the child or of the Weldons. The trial court did not abuse its discretion in finding that there was no material and substantial change requiring modification of the order in this case. Furthermore, nothing in the record suggests that any of the other available grounds for modification in Section 156.301 would be applicable. The trial court did not abuse its discretion in denying Chad's request.

The judgment of the trial court is affirmed.

---

8. TEX.FAM.CODE ANN. § 153.317 (Vernon 1996).

9. TEX.FAM.CODE ANN. § 153.317 (Vernon Supp. 1998), *amended by* Act of April 3, 1997, 75th Leg., R.S., ch. 9, § 1, 1997 Tex. Gen. Laws 45.

10. *Hodges v. Thompson,* 932 S.W.2d 717, 720 (Tex.App.-Fort Worth 1996, no writ).

11. *Id.;* TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988).

12. *Maixner,* 641 S.W.2d at 376.