In re C.A.N.M.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-200-CV

IN THE INTEREST OF C.A.N.M., A CHILD

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Maxine Carter M. appeals from the trial court’s June 7, 2004 order granting Mansell Gregg M. a directed verdict on Maxine’s motion to modify in a suit affecting the parent-child relationship.  We will affirm.

Maxine and Gregg are the parents of C.A.N.M.  They divorced in May 2000, at which time they were both appointed joint managing conservators of C.A.N.M., with Gregg authorized to establish the child’s domicile.  Thereafter, in September 2002, the trial court entered an order changing the parties’ conservatorship status.  Gregg was appointed sole managing conservator, and Maxine was appointed possessory conservator.  In addition, the court limited Maxine’s access to C.A.N.M. as follows:

IT IS ORDERED that Respondent [Maxine] shall have supervised visitation with the child on the first, third and fifth Saturdays of each month from the hours of 9:00 a.m. until 6:00 p.m. under the supervision of Jennifer Osteen
(footnote: 2) or her qualified designee.  IT IS FURTHER ORDERED that there will be no telephone contact with the child by the Respondent.  IT IS FURTHER ORDERED that Respondent . . . shall pay all costs for such supervised visits. 

In late July 2003, Osteen sent the trial court a status letter in which she recommended that the court increase Maxine’s visitation to include unsupervised visits on the Sundays following Maxine’s supervised Saturday visits.
(footnote: 3)  Thereafter, in September 2003, Maxine filed a motion to modify, seeking a change in her conservatorship status to joint managing conservator with authority to determine the child’s primary residence.  She also requested temporary orders providing her with “statutory visitation and possession” during the pendency of the modification proceeding.  Maxine did not, however, request a change in possession and access in the event the jury found that she should not have the right to determine C.A.N.M.’s primary residence.  In response to Maxine’s motion, Gregg filed a request for a psychological evaluation of Maxine. 

After a hearing, in November 2003, the trial court entered a temporary order increasing Maxine’s visitation with C.A.N.M. to include unsupervised visitation on the Sunday afternoon following the third Saturday of each month.  The trial court also omitted the prohibition of telephone contact between Maxine and the child.  Finally, the trial court ordered Maxine, Gregg, and C.A.N.M. to submit to psychological evaluations and set Maxine’s motion to modify for a jury trial in late February 2004. 

Pursuant to the trial court’s order, the parties and C.A.N.M. underwent psychological evaluations by Dr. Swen Helge, a clinical and forensic psychologist.  Dr. Helge’s report was filed with the court on February 20, 2004. 

A jury trial was held on February 23 and 24, 2004.  The jury found that conservatorship should be modified to appoint Maxine and Greg joint managing conservators of C.A.N.M. but that Gregg should have the exclusive right to determine C.A.N.M.’s primary residence.  Although evidence was presented at the jury trial, which was duly recorded by the court reporter, no reporter’s record from that trial has been requested or filed on appeal. 

On February 26, Maxine filed a motion asking the trial court to “hold a hearing to confirm reversion to standard terms of possession pursuant to Texas Family Code § 153.252“ because of the jury’s verdict reinstating Maxine’s joint managing conservatorship.  The trial court denied the motion.  On March 16, Maxine filed a motion asking the trial court to hold a hearing to address “the terms of possession and access” in light of the jury’s finding regarding the joint managing conservatorship.  Gregg also filed a motion asking the trial court to sign a modification order based on the jury’s verdict. 

The trial court held a hearing on March 19, 2004.  At the hearing, the trial court refused to consider either of Maxine’s post-verdict motions.  Instead, the court took judicial notice of all prior proceedings, including the jury’s verdict, and entered a modification order appointing Maxine and Gregg as C.A.N.M.’s joint managing conservators but leaving in place Maxine’s restricted visitation schedule from the court’s September 2002 modification order.   On the same day the trial court entered the March 19 modification order, Maxine filed a motion to modify the September 2002 order, seeking changes in the terms of her possession and access to C.A.N.M. “consistent with [a] Joint Managing Conservatorship” and also requesting visitation under section 153.317
(footnote: 4) of the family code.  After a hearing on the motion, the trial court, on May 20, 2004, signed an order on June 7, 2004 granting Gregg a “directed verdict.”  Maxine appeals from this order. 

In her first issue, Maxine complains that the trial court abused its discretion and “effectively nullified” the jury’s verdict restoring her joint managing conservator status by refusing to apply the rebuttable presumption in section 153.252
(footnote: 5) and by failure to give her a “meaningful” hearing on the terms of her possession and access before rendering the March 19 order.  She asserts that, when a jury reinstates a parent’s status as joint managing conservator, the trial court must, upon request, hold a hearing to address the terms of the reinstated parent’s possession and access to the child in light of the rebuttable presumption set out in section 153.252.

Maxine did not appeal the March 19 order.  Thus, her complaints regarding the trial court’s conduct during the proceedings resulting in the March 19 order are waived by her failure to timely appeal the order.
(footnote: 6) 

Further, Maxine has failed to provide us with a complete record of the proceedings that resulted in the March 19 order.  Maxine only requested and filed with this court the reporter’s record from the March 19 hearing on her post-verdict motions.  She did not request and file the reporter’s record of the jury trial on the conservatorship issues, nor did she comply with the procedures for filing a partial record appeal.
(footnote: 7)  Accordingly, we must presume that the omitted portions of the reporter’s record support the trial court’s March 19 modification order.
(footnote: 8)  

We overrule Maxine’s first issue.

In her second issue, Maxine asserts, among other things, that the trial court abused its discretion by granting Gregg a directed verdict on her second motion to modify because the trial court improperly placed on her the burden of proving that modification would be in C.A.N.M.’s best interest, rather than applying the rebuttable presumption in section 153.252 that the standard possession order would be in the child’s best interest. 

A directed verdict is proper only when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent or when the evidence is insufficient to raise a material fact issue.
(footnote: 9)  Because, however, we review a trial court’s custody order under an abuse of discretion standard of review, legal and factual sufficiency of the evidence to support a trial court’s findings and conclusions are not independent grounds of error.
(footnote: 10)  Instead, they are relevant factors we use in deciding whether a trial court abused its discretion.
(footnote: 11)
 It is well settled that the presumptions in chapter 153 of the family code apply only to original custody suits; they do not apply in modification suits governed by chapter 156.
(footnote: 12)  Therefore, the trial court did not abuse its discretion by refusing to apply the rebuttable presumption in section 153.252 when it ruled on Maxine’s second motion to modify.  

Maxine further contends that the trial court erroneously “ignored” Dr. Helge’s report and her own testimony on the issue of whether a change in possession and access would be in C.A.N.M.’s best interest.
(footnote: 13)  At the May 20 hearing, Maxine asked the trial court to take judicial notice of Dr. Helge’s report.
(footnote: 14)  Gregg objected, arguing that, because Dr. Helge’s report had never been introduced into evidence at the jury trial or any other prior hearing, the trial court should not consider it.  The trial court sustained Gregg’s objection. 

A trial court may take judicial notice of facts that are generally known or easily proven and that cannot be reasonably disputed.
(footnote: 15)  Thus, a court may take judicial notice of its own files and the fact that a document has been filed.
(footnote: 16)  A court may not, however, take judicial notice of the truth of matters in a filed document unless the document has been admitted into evidence.
(footnote: 17)  We review a trial court’s evidentiary rulings for an abuse of discretion.
(footnote: 18)
 In this case, the trial court was permitted to take judicial notice of the fact that Dr. Helge’s report was filed on February 20.  Maxine did not, however, request that the report be admitted into evidence.  Accordingly, the substance of the report could not be considered as evidence on the issue of best interest.
(footnote: 19)  Consequently, the trial court did not abuse its discretion by refusing to consider the report at the May 20 hearing.

The only other evidence of best interest Maxine offered at the May 20 hearing was her testimony that the “maximum amount of visitation” would be in C.A.N.M.’s best interest.
(footnote: 20)  This testimony alone is not sufficient to prove the requested modification would be in C.A.N.M.’s best interest.  Accordingly, we overrule Maxine’s second issue.
(footnote: 21)
 We affirm the trial court’s June 7, 2004 order.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: June 9, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Jennifer Osteen is a licensed social worker. 

3:
Although Maxine asserts that Osteen recommended that the trial court change Maxine’s visitation “back to standard possession,” the record does not support this assertion. 

4:
Section 153.317 contains alternative standard possession times for use if a child is enrolled in school.  
Tex. Fam. Code Ann.
 
§ 153.317 (Vernon Supp. 2004-05).

5:
See id. 
§ 153.252 (Vernon 2002) (providing for rebuttable presumption in original custody proceedings that standard possession order provides reasonable minimum possession of child for parent named as a joint managing conservator and is in child’s best interest); 
Id.
 § 105.002(c)(2) (Vernon Supp. 2004-05) (providing that, although jury may determine issues of conservatorship and which parent may designate child’s primary residence, issues concerning specific terms or conditions of possession and access are for trial court). 

6:
Maxine’s notice of appeal complains only of the June 7 order and was filed on June 18, 2004, ninety-one days after the March 19 order was signed. 
See
 
Tex. R. App. P.
 26.1(setting out deadlines for filing notices of appeal in civil cases)
; Tex. Fam. Code Ann.
 § 109.002(a), (b) (Vernon 2002) (providing that appeals from final orders in suits involving parent-child relationship shall be as in civil cases generally)
.  The March 19 order was a final, appealable order because it resolved both issues raised in Maxine’s September 2003 motion to modify and it 
disposed of Maxine’s post-verdict requests for hearings regarding possession and access.  The trial court ruled that the possession and access issues raised in Maxine’s post-verdict motions were “not relevant” to the issues raised in Maxine’s motion to modify, expressly refused to consider them, and recited in the March 19 order that “all relief requested in this case and not expressly granted is denied.”  
See N.E. ISD v. Aldridge,
 400 S.W.2d 893, 895 (Tex. 1966) (holding that final order disposes of all issues and parties in case); 
Chalu v. Shamala,
 125 S.W.3d 737, 739 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that final order in suit affecting parent-child relationship is one that disposes of all issues and parties before court).

7:
Tex. R. App. P.
 34.6(c)(1); 
In re P.H.B.S.,
 No. 2-02-00195-CV, 2003 WL 22026594, at *4 (Tex. App.—Fort Worth 2003, no pet.) (mem. op.).

8:
See Bennett v. Cochran,
 96 S.W.3d 227, 229 (Tex. 2002) (quoting 
Richards v. Schion,
 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.)); 
P.H.B.S.,
 2003 WL 22026594, at *4 (mem. op.).

9:
See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.
, 29 S.W.3d 74, 77 (Tex. 2000); 
Ray v. McFarland,
 97 S.W.3d 728, 730 (Tex. App.—Fort Worth 2003, no pet.); 
see also
 Tex. R. Civ. P
. 268.

10:
In re T.D.C.,
 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh’g)
.

11:
Id.

12:
See 
Weldon v. Weldon
, 968 S.W.2d 515, 517 (Tex. App.—Texarkana 1998, no pet.) (holding that terms of standard possession order set out in section 153.316 do not apply in modification proceedings); 
see also
 
In re V.L.K.,
 24 S.W.3d 338, 342 (Tex. 2000) (holding that parental presumption in section 153.131(a) does not apply in modification suits); 
T.D.C.,
 91 S.W.3d at 871 (same); 
Bates v. Tesar,
 81 S.W.3d 411, 422 (Tex. App.—El Paso 2002, no pet.) (holding that presumption in section 153.131(b) favoring joint managing conservatorship does not apply in modification proceedings).  Maxine’s reliance on 
Albrecht v. Albrecht
 is misplaced because that case involved an original custody proceeding, not a modification.  974 S.W.2d 262 (Tex. App.—San Antonio 1998, no pet.). 

13:
Maxine had the burden of showing a substantial change in circumstances and that modification of possession and access would be in C.A.N.M.’s best interest.  
See V.L.K.
, 24 S.W.3d at 343; 
T.D.C.,
 91 S.W.3d at 871.

14:
In the report, Dr. Helge recommended that Maxine and Gregg should be joint managing conservators but that Gregg should be considered the primary conservator with the right to establish C.A.N.M.’s residence and school.  Dr. Helge further recommended that Maxine should be considered for therapy with an experienced psychologist trusted by the court, the therapy should focus on the effect of parenting upon a child, and Maxine should have standard visitation as long as she continued the therapy until released. 

15:
Tex. R. Evid.
 201(b).

16:
Barnard v. Barnard,
 133 S.W.3d 782, 788-89 (Tex. App.—Fort Worth 2004, pet. denied); 
Tschirhart v. Tschirhart,
 876 S.W.2d 507, 508-09 (Tex. App.—Austin 1994, no writ).

17:
See Barnard,
 133 S.W.3d at 789 (holding that inventory and appraisement on file that had not been offered into evidence could not be considered as evidence of listed property’s value).

18:
Owens-Corning Fiberglass Corp. v. Malone,
 972 S.W.2d 35, 43 (Tex. 1998).

19:
Moreover, Dr. Helge’s expert opinions concerning what might be in C.A.N.M.’s best interest are not facts and therefore are not a proper subject for judicial notice.
  Tex. R. Evid.
 201(b); 
accord In re J.L.,
 48 Tex. Sup. Ct. J. 559, 562, 2005 WL 785125, at *4 (Tex. April 8, 2005) (stating that expert testimony concerning disputed facts and opinions is not a proper subject for judicial notice).

20:
Maxine did not, as her reply brief indicates, offer Jennifer Osteen’s July 2003 letter at the May 20 hearing. 

21:
Because we have concluded that Maxine failed to meet her burden of proving best interest, we do not reach the question of whether she established a material and substantial change in circumstances.  
See
 
Tex. R. App. P.
 47.1 (providing that appellate court need only address issues necessary to final disposition of appeal).