COURT OF APPEALS

SECOND DISTRICT OF TEXAS
FORT WORTH
 NO. 2-04-200-CV
 
 
 
IN THE INTEREST OF C.A.N.M., A CHILD
 
 
 
------------
 FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
 ------------
 MEMORANDUM OPINION[1]
 ------------
        Maxine Carter M. appeals from the trial court’s June 7, 2004 order
granting Mansell Gregg M. a directed verdict on Maxine’s motion to modify in
a suit affecting the parent-child relationship. We will affirm.
        Maxine and Gregg are the parents of C.A.N.M. They divorced in May
2000, at which time they were both appointed joint managing conservators of
C.A.N.M., with Gregg authorized to establish the child’s domicile. Thereafter,
in September 2002, the trial court entered an order changing the parties’
conservatorship status. Gregg was appointed sole managing conservator, and
Maxine was appointed possessory conservator. In addition, the court limited
Maxine’s access to C.A.N.M. as follows:

 

IT IS ORDERED that Respondent [Maxine] shall have supervised
visitation with the child on the first, third and fifth Saturdays of
each month from the hours of 9:00 a.m. until 6:00 p.m. under the
supervision of Jennifer Osteen[2] or her qualified designee. IT IS
FURTHER ORDERED that there will be no telephone contact with
the child by the Respondent. IT IS FURTHER ORDERED that
Respondent . . . shall pay all costs for such supervised visits. 
 
         In late July 2003, Osteen sent the trial court a status letter in which she
recommended that the court increase Maxine’s visitation to include
unsupervised visits on the Sundays following Maxine’s supervised Saturday
visits.[3]  Thereafter, in September 2003, Maxine filed a motion to modify,
seeking a change in her conservatorship status to joint managing conservator
with authority to determine the child’s primary residence. She also requested
temporary orders providing her with “statutory visitation and possession” during
the pendency of the modification proceeding. Maxine did not, however, request
a change in possession and access in the event the jury found that she should
not have the right to determine C.A.N.M.’s primary residence. In response to
Maxine’s motion, Gregg filed a request for a psychological evaluation of
Maxine.
        After a hearing, in November 2003, the trial court entered a temporary
order increasing Maxine’s visitation with C.A.N.M. to include unsupervised
visitation on the Sunday afternoon following the third Saturday of each month.  The trial court also omitted the prohibition of telephone contact between
Maxine and the child.  Finally, the trial court ordered Maxine, Gregg, and C.A.N.M. to submit to psychological evaluations and set Maxine’s motion to
modify for a jury trial in late February 2004.
        Pursuant to the trial court’s order, the parties and C.A.N.M. underwent
psychological evaluations by Dr. Swen Helge, a clinical and forensic
psychologist. Dr. Helge’s report was filed with the court on February 20,
2004. 
        A jury trial was held on February 23 and 24, 2004. The jury found that
conservatorship should be modified to appoint Maxine and Greg joint managing
conservators of C.A.N.M. but that Gregg should have the exclusive right to
determine C.A.N.M.’s primary residence. Although evidence was presented at
the jury trial, which was duly recorded by the court reporter, no reporter’s
record from that trial has been requested or filed on appeal. 
        On February 26, Maxine filed a motion asking the trial court to “hold a
hearing to confirm reversion to standard terms of possession pursuant to Texas
Family Code § 153.252“ because of the jury’s verdict reinstating Maxine’s joint
managing conservatorship. The trial court denied the motion. On March 16,
Maxine filed a motion asking the trial court to hold a hearing to address “the
terms of possession and access” in light of the jury’s finding regarding the joint
managing conservatorship. Gregg also filed a motion asking the trial court to
sign a modification order based on the jury’s verdict.
        The trial court held a hearing on March 19, 2004. At the hearing, the
trial court refused to consider either of Maxine’s post-verdict motions. Instead,
the court took judicial notice of all prior proceedings, including the jury’s
verdict, and entered a modification order appointing Maxine and Gregg as
C.A.N.M.’s joint managing conservators but leaving in place Maxine’s restricted
visitation schedule from the court’s September 2002 modification order.
        On the same day the trial court entered the March 19 modification order,
Maxine filed a motion to modify the September 2002 order, seeking changes
in the terms of her possession and access to C.A.N.M. “consistent with [a]
Joint Managing Conservatorship” and also requesting visitation under section
153.317[4] of the family code.  After a hearing on the motion, the trial court, on
May 20, 2004, signed an order on June 7, 2004 granting Gregg a “directed
verdict.” Maxine appeals from this order. 
        In her first issue, Maxine complains that the trial court abused its
discretion and “effectively nullified” the jury’s verdict restoring her joint
managing conservator status by refusing to apply the rebuttable presumption
in section 153.252[5] and by failure to give her a “meaningful” hearing on the
terms of her possession and access before rendering the March 19 order.  She
asserts that, when a jury reinstates a parent’s status as joint managing
conservator, the trial court must, upon request, hold a hearing to address the
terms of the reinstated parent’s possession and access to the child in light of
the rebuttable presumption set out in section 153.252.
        Maxine did not appeal the March 19 order. Thus, her complaints
regarding the trial court’s conduct during the proceedings resulting in the March
19 order are waived by her failure to timely appeal the order.[6]
        Further, Maxine has failed to provide us with a complete record of the
proceedings that resulted in the March 19 order. Maxine only requested and
filed with this court the reporter’s record from the March 19 hearing on her
post-verdict motions. She did not request and file the reporter’s record of the
jury trial on the conservatorship issues, nor did she comply with the procedures
for filing a partial record appeal.[7] Accordingly, we must presume that the
omitted portions of the reporter’s record support the trial court’s March 19
modification order.[8]
        We overrule Maxine’s first issue.
        In her second issue, Maxine asserts, among other things, that the trial
court abused its discretion by granting Gregg a directed verdict on her second
motion to modify because the trial court improperly placed on her the burden
of proving that modification would be in C.A.N.M.’s best interest, rather than
applying the rebuttable presumption in section 153.252 that the standard
possession order would be in the child’s best interest. 
        A directed verdict is proper only when the evidence conclusively
establishes the right of the movant to judgment or negates the right of the
opponent or when the evidence is insufficient to raise a material fact issue.[9]  
Because, however, we review a trial court’s custody order under an abuse of
discretion standard of review, legal and factual sufficiency of the evidence to
support a trial court’s findings and conclusions are not independent grounds of
error.[10]  Instead, they are relevant factors we use in deciding whether a trial
court abused its discretion.[11]
        It is well settled that the presumptions in chapter 153 of the family code
apply only to original custody suits; they do not apply in modification suits
governed by chapter 156.[12]  Therefore, the trial court did not abuse its
discretion by refusing to apply the rebuttable presumption in section 153.252
when it ruled on Maxine’s second motion to modify.
        Maxine further contends that the trial court erroneously “ignored” Dr.
Helge’s report and her own testimony on the issue of whether a change in
possession and access would be in C.A.N.M.’s best interest.[13]  At the May 20
hearing, Maxine asked the trial court to take judicial notice of Dr. Helge’s
report.[14]  Gregg objected, arguing that, because Dr. Helge’s report had never
been introduced into evidence at the jury trial or any other prior hearing, the
trial court should not consider it.  The trial court sustained Gregg’s objection.
        A trial court may take judicial notice of facts that are generally known or
easily proven and that cannot be reasonably disputed.[15]  Thus, a court may
take judicial notice of its own files and the fact that a document has been
filed.[16]  A court may not, however, take judicial notice of the truth of matters
in a filed document unless the document has been admitted into evidence.[17]  
We review a trial court’s evidentiary rulings for an abuse of discretion.[18]
        In this case, the trial court was permitted to take judicial notice of the
fact that Dr. Helge’s report was filed on February 20.  Maxine did not, however,
request that the report be admitted into evidence. Accordingly, the substance
of the report could not be considered as evidence on the issue of best
interest.[19]  Consequently, the trial court did not abuse its discretion by refusing
to consider the report at the May 20 hearing.
        The only other evidence of best interest Maxine offered at the May 20
hearing was her testimony that the “maximum amount of visitation” would be
in C.A.N.M.’s best interest.[20]  This testimony alone is not sufficient to prove
the requested modification would be in C.A.N.M.’s best interest.  Accordingly,
we overrule Maxine’s second issue.[21]
        We affirm the trial court’s June 7, 2004 order.
  
                                                                  JOHN CAYCE
                                                                  CHIEF JUSTICE
 
 
 PANEL A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 DELIVERED: June 9, 2005

 
NOTES


1.  See Tex. R. App. P. 47.4.


2.  Jennifer Osteen is a licensed social worker.


3.  Although Maxine asserts that Osteen recommended that the trial court
change Maxine’s visitation “back to standard possession,” the record does not
support this assertion.


4.  Section 153.317 contains alternative standard possession times for use if a
child is enrolled in school. Tex. Fam. Code Ann. § 153.317 (Vernon Supp.
2004-05).


5.  See id. § 153.252 (Vernon 2002) (providing for rebuttable presumption in
original custody proceedings that standard possession order provides reasonable
minimum possession of child for parent named as a joint managing conservator
and is in child’s best interest); Id. § 105.002(c)(2) (Vernon Supp. 2004-05)
(providing that, although jury may determine issues of conservatorship and
which parent may designate child’s primary residence, issues concerning
specific terms or conditions of possession and access are for trial court).


6.  Maxine’s notice of appeal complains only of the June 7 order and was filed
on June 18, 2004, ninety-one days after the March 19 order was signed. See
Tex. R. App. P. 26.1(setting out deadlines for filing notices of appeal in civil
cases); Tex. Fam. Code Ann. § 109.002(a), (b) (Vernon 2002) (providing that
appeals from final orders in suits involving parent-child relationship shall be as
in civil cases generally). The March 19 order was a final, appealable order
because it resolved both issues raised in Maxine’s September 2003 motion to
modify and it disposed of Maxine’s post-verdict requests for hearings regarding
possession and access. The trial court ruled that the possession and access
issues raised in Maxine’s post-verdict motions were “not relevant” to the issues
raised in Maxine’s motion to modify, expressly refused to consider them, and
recited in the March 19 order that “all relief requested in this case and not
expressly granted is denied.” See N.E. ISD v. Aldridge, 400 S.W.2d 893, 895
(Tex. 1966) (holding that final order disposes of all issues and parties in case);
Chalu v. Shamala, 125 S.W.3d 737, 739 (Tex. App.—Houston [1st Dist.]
2003, no pet.) (holding that final order in suit affecting parent-child relationship
is one that disposes of all issues and parties before court).


7.  Tex. R. App. P. 34.6(c)(1); In re P.H.B.S., No. 2-02-00195-CV, 2003 WL
22026594, at *4 (Tex. App.—Fort Worth 2003, no pet.) (mem. op.).


8.  See Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002) (quoting Richards
v. Schion, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no
pet.)); P.H.B.S., 2003 WL 22026594, at *4 (mem. op.).


9.  See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74,
77 (Tex. 2000); Ray v. McFarland, 97 S.W.3d 728, 730 (Tex. App.—Fort
Worth 2003, no pet.); see also Tex. R. Civ. P. 268.


10.  In re T.D.C., 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet.
denied) (op. on reh’g).


11.  Id.


12.  See Weldon v. Weldon, 968 S.W.2d 515, 517 (Tex. App.—Texarkana
1998, no pet.) (holding that terms of standard possession order set out in
section 153.316 do not apply in modification proceedings); see also In re
V.L.K., 24 S.W.3d 338, 342 (Tex. 2000) (holding that parental presumption in
section 153.131(a) does not apply in modification suits); T.D.C., 91 S.W.3d at
871 (same); Bates v. Tesar, 81 S.W.3d 411, 422 (Tex. App.—El Paso 2002,
no pet.) (holding that presumption in section 153.131(b) favoring joint
managing conservatorship does not apply in modification proceedings). 
Maxine’s reliance on Albrecht v. Albrecht is misplaced because that case
involved an original custody proceeding, not a modification. 974 S.W.2d 262
(Tex. App.—San Antonio 1998, no pet.).


13.  Maxine had the burden of showing a substantial change in circumstances
and that modification of possession and access would be in C.A.N.M.’s best
interest. See V.L.K., 24 S.W.3d at 343; T.D.C., 91 S.W.3d at 871.


14.  In the report, Dr. Helge recommended that Maxine and Gregg should be
joint managing conservators but that Gregg should be considered the primary
conservator with the right to establish C.A.N.M.’s residence and school. Dr.
Helge further recommended that Maxine should be considered for therapy with
an experienced psychologist trusted by the court, the therapy should focus on
the effect of parenting upon a child, and Maxine should have standard visitation
as long as she continued the therapy until released.


15.  Tex. R. Evid. 201(b).


16.  Barnard v. Barnard, 133 S.W.3d 782, 788-89 (Tex. App.—Fort Worth
2004, pet. denied); Tschirhart v. Tschirhart, 876 S.W.2d 507, 508-09 (Tex.
App.—Austin 1994, no writ).


17.  See Barnard, 133 S.W.3d at 789 (holding that inventory and appraisement
on file that had not been offered into evidence could not be considered as
evidence of listed property’s value).


18.  Owens-Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998).


19.  Moreover, Dr. Helge’s expert opinions concerning what might be in
C.A.N.M.’s best interest are not facts and therefore are not a proper subject for
judicial notice. Tex. R. Evid. 201(b); accord In re J.L., 48 Tex. Sup. Ct. J. 559,
562, 2005 WL 785125, at *4 (Tex. April 8, 2005) (stating that expert
testimony concerning disputed facts and opinions is not a proper subject for
judicial notice).


20.  Maxine did not, as her reply brief indicates, offer Jennifer Osteen’s July
2003 letter at the May 20 hearing.


21.  Because we have concluded that Maxine failed to meet her burden of
proving best interest, we do not reach the question of whether she established
a material and substantial change in circumstances. See Tex. R. App. P. 47.1
(providing that appellate court need only address issues necessary to final
disposition of appeal).