In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00042-CV
______________________________


YVONNE R. ALVARADO, Appellant
 
V.
 
ABRAHAM A. ALECOZAY, M. D., Ph. D., AND
SOUTHWEST GENERAL HOSPITAL, Appellees


 

On Appeal from the 73rd Judicial District Court
 Bexar County, Texas
Trial Court No. 2004-CI-15782


 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


M E M O R A N D U M O P I N I O N
            Yvonne R. Alvarado asserts that a painful medical problem with her arm was caused, at least
in part, by Abraham A. Alecozay, M. D., Ph. D. In the fall of 2004, Alvarado filed her healthcare
liability lawsuit pro se against Alecozay and Southwest General Hospital. Thereafter, once 120 days
had passed, Alecozay filed a motion to dismiss under Section 74.351 asserting that Alvarado had
failed to serve an expert report as defined by Section 74.351(r)(6) of the Texas Civil Practice and
Remedies Code and as required by Section 74.351(a) of that Code. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 74.351(a), 74.351(r)(6) (Vernon 2005). The trial court agreed and dismissed
Alvarado's action with prejudice.


 Alvarado appeals, asserting both that she complied with the
expert report requirement and that the trial court erred in overruling her motion for a thirty-day
extension within which to file a corrected expert report. We affirm because (1) a thirty-day
extension was not Alvarado's as a matter of right, and (2) no qualifying expert report appears to have
been served.
(1)       A Thirty-Day Extension Was Not Alvarado's as a Matter of Right
            On February 25, 2005, after the 120-day period for serving a qualifying expert report had
expired and Alecozay had filed his motion to dismiss, Alvarado filed her motion seeking a thirty-day
extension to file an expert report. Alvarado asserts a right to such an extension under Section
74.351(c):
If an expert report has not been served within the period specified by Subsection (a)
because elements of the report are found deficient, the court may grant one 30-day
extension to the claimant in order to cure the deficiency . . . .
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (Vernon 2005). Unless the context of its use
requires a different meaning, the word "may" used in a Texas code


 "creates discretionary authority"
in the trial court. Tex. Gov't Code Ann. § 311.016(1) (Vernon 2005).
            The statutory use of the word "may" shows the provision is not mandatory. Roberts v. Med.
City Dallas Hosp., Inc., 988 S.W.2d 398, 402 (Tex. App.—Texarkana 1999, pet. denied); Weldon
v. Weldon, 968 S.W.2d 515, 518 (Tex. App.—Texarkana 1998, no pet.). Therefore, we should give
deference to the decision of the trial court and should reverse only on a showing of a clear abuse of
discretion. Roberts, 988 S.W.2d at 402.
            While a trial court should not arbitrarily withhold an extension, see Hardy v. Marsh, No. 06-05-00056-CV, 2005 Tex. App. LEXIS 6546 (Tex. App.—Texarkana Aug. 17, 2005, no pet. h.), the
record does not suggest the trial court's ruling here was arbitrary. Alvarado's motion for extension
urged as its rationale that Alvarado and her family had been ill during January and February of 2005. 
We review the record to determine what information was available to the trial court in ruling on her
motion.
            The record reveals significant activity in the three months leading up to the motion to extend.
Apparently, on or about December 2, 2004, Alvarado served on Alecozay some documents



attempting to meet the expert report requirement. Alecozay objected to those documents in a
December 8, 2004, pleading. The record reflects no action by Alvarado to correct the deficiencies
described in Alecozay's objections. On January 10, 2005, Alvarado signed her approval of a
discovery control plan for the case. On January 10, Alvarado also filed a request for production
directed  at  Alecozay.  On  January  25,  she  filed  requests  for  documents  from  Elliott  I.
Clemence, M. D., and Jorge N. Prieto-Martinez, M. D. On January 27, she filed another request for
production directed at Alecozay. Finally, on February 7, Alvarado filed a third request for
production directed at Alecozay. Though the record reveals considerable activity by Alvarado during
this time period, it reveals no effort to correct the reports or provide others until February 25, 2005,
when she filed her motion to extend and two medical reports. None of Alvarado's efforts at serving
or filing medical records or reports—which we detail in the second part of this opinion—produced
anything on the record that could be argued to approach compliance with the expert report
requirement of Section 74.351. The trial court did not abuse its discretion in refusing her an
extension.
            Alecozay asserts there is another reason why Alvarado is not entitled to an extension. He
argues Section 74.351(c) does not apply here, because the subsection applies only if a served expert
report was found deficient, and Alvarado did not serve any such report on Alecozay.


 Because the
trial court was within its discretion to deny Alvarado's motion to extend, we need not address the
argument asserting Section 74.351(c) does not apply.
(2)       No Qualifying Expert Report Appears To Have Been Served
In a health care liability claim, a claimant shall, not later than the 120th day after the
date the claim was filed, serve on each party or the party's attorney one or more
expert reports, with a curriculum vitae of each expert listed in the report for each
physician or health care provider against whom a liability claim is asserted . . . .
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).
"Expert report" means a written report by an expert that provides a fair summary of
the expert's opinions as of the date of the report regarding applicable standards of
care, the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure and the
injury, harm, or damages claimed.
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (emphasis added). To qualify as an expert report
under the statute, the report must contain the above emphasized elements, and the expert report must
be accompanied by a curriculum vitae of the expert authorizing the report.
            In only three places in the record do we find any information on what reports Alvarado served
on Alecozay: Alecozay's "Objection to Expert Report" filed December 8, 2004, and two documents
Alvarado filed February 25, 2005.
            Alecozay's December 8 pleading lodged objections to documents "filed"


 by Alvarado
December 2, 2004. These objections address documents reportedly authored by Rafael H. Martinez,
M. D., and Jorge N. Prieto-Martinez, M. D. The objection asserts that the Martinez document
contains no curriculum vitae and that it does not set out negligence, standard of care, or causation
as to Alecozay, and that the Prieto-Martinez document has no curriculum vitae and sets out no
negligence by Alecozay. There is nothing in that pleading from which we can determine that either
report complied with Section 74.351. Those two reports cannot be considered qualifying expert
reports.
            On February 25, 2005, after Alecozay's motion to dismiss had been filed, Alvarado filed


 two
medical reports. One of those was authored by Prieto-Martinez, evaluating a nerve study done
October 13, 2004, which report contained none of the elements of a required expert report. The other
report was authored by Richard A. Redd, M. D., evaluating a magnetic resonance imaging study
done October 28, 2004. Redd's report also failed to contain any of the required elements of an expert
report under Section 74.351. Those two reports are not qualifying expert reports.



            If a plaintiff fails to provide the required expert report within 120 days of the filing of his or
her suit, on motion by the defendant, a trial court shall dismiss with prejudice the plaintiff's cause
of action. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2) (Vernon 2005); see Am. Transitional
Care Ctr. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001).
            We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 25, 2005
Date Decided:             September 9, 2005