

# NUMBER 13-10-413-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF R.R.S. AND S.A.S., MINOR CHILDREN

### On appeal from the 19th District Court
### of McLennan County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from an order issued by the 19th District Court of McLennan County in a suit to modify the parent-child relationship.[1] The order of the trial court modified the visitation schedule of appellee, M.H., the father of S.A.S and R.R.S.[2] Appellant, the child's mother, raises four issues on appeal, claiming that the trial court

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] R.R.S. turned eighteen years old during this proceeding. The parties have agreed that the case is moot with respect to R.R.S., and we will not address any issues with respect to her.

abused its discretion by: (1) finding that a material and substantial change in circumstances necessitated a change in the father's possession order; (2) setting a visitation schedule without evidence that the schedule was in the child's best interest; (3) restricting the residence of the child to McLennan County because there was no evidence or insufficient evidence that such a restriction was in the child's best interest; and (4) failing to allow the parties to withdraw a stipulation based on mutual mistake. We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND

This appeal is based on an April 22, 2010 trial court order modifying the periods of possession that appellant has with S.A.S., his daughter, who was nine years old at the time of the hearing. Possession was set in accordance with section 153.251 of the Texas Family Code with alterations from the standard possession order made to accommodate the father's work schedule. *See* TEX. FAM. CODE ANN. § 153.251 (West 2008). It was undisputed that appellee has an unusual work schedule; sometimes he works a thirty-five day shift and sometimes he is on a twenty-eight day shift.

The couple divorced in Midland County in 2005. Later, appellant moved with the children to McLennan County. From 2008 until 2010, the parties filed various motions and counter-motions in McLennan County seeking to modify the possession order signed in Midland in 2005. Four hearings occurred between January 2010 and April 22, 2010. Some of the issues discussed at those hearings involved child support, which are not relevant here because those issues were not appealed. During one of the hearings, counsel for both parties met with the trial court in chambers. After the conference, the

2

issues before the court were reduced to discussions concerning appellee's possession of and access to S.A.S. At hearings on April 13 and 22, both parties presented proposed orders regarding possession of S.A.S. The trial court ultimately adopted appellant's proposed order, with some modifications. Appellant did not attempt to introduce evidence, and neither party objected to the absence of testimony at those hearings. Both parties conversed with the trial court during the hearing on the motion to modify. The record is quite clear that the only controversy between the parties at that time was the content of the possession order.

After ruling, the trial court filed numerous findings of fact and conclusions of law. For instance, the trial court found that the periods for possession needed to vary from the standard possession order because the father resides and works in Midland and S.A.S. lives in McLennan County. The trial court noted that appellee maintains an apartment in Waco for purposes of visiting with his child. The court found that it was in the best interest of the child for appellee to be allowed possession for the same number of days as contemplated by the standard possession order. Also, the court determined that the material changes in circumstances, warranting a modification of possession, were that the mother and child had moved from Midland to McLennan County, the child is now home-schooled, and the standard order for possession is unworkable because of the father's rotating work schedule and the distance involved in exercising periods of possession.

## II. STANDARD OF REVIEW

A trial court has broad discretion to decide the best interest of a child in family law matters such as custody, visitation, and possession, and we review a decision to modify possession for a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1991); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

## III. DISCUSSION

By appellant's first three issues, she argues that the trial court abused its discretion in finding a material and substantial change in circumstances, setting a visitation schedule without evidence that it was in the child's best interest, and restricting the residence of S.A.S. to McLennan County.

### A. The Statute

With respect to modification of possession or access, section 156.101 of the Texas Family Code provides:

> a) The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:
>
> (1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:
>
> (A) the date of the rendition of the order; or
>
> (B) the date of the signing of a mediated or collaborative law

4

settlement agreement on which the order is based.

TEX. FAM. CODE ANN. § 156.101 (West Supp. 2010).

### B. Material and Substantial Change

Appellant argues that there is no evidence of a material and substantial change since the trial court's earlier order was signed that set forth possession and access. The trial court found that the material or substantial changes were appellant's move to McLennan County while the appellee still resided in Midland, the child was now home-schooled, and the father's unpredictable work schedule. It was undisputed that appellee retained an apartment in Waco, so that his visits with his daughter could occur there, rather than in Midland. Appellee stated that he traveled several hours for these visitations.

Each of the facts the trial court utilized to determine a material and substantial change were essentially undisputed. Thus, the evidence supported the trial court's findings of fact. Appellant argues that the trial court should have heard evidence. But because the facts upon which the court decided the issue were not disputed, and because appellant can point to nothing in the record showing that any of the parties were prohibited from introducing any evidence, the trial court did not abuse its discretion.

Appellant argues that there was no evidence offered of the factors courts have utilized in determining if a move to another location is a material and substantial change of circumstances, such as the distance between the parties after the move, the proximity and safety of travel arrangements, and the nature and quality of the contact of the non-primary conservator with the child. We find the cases cited by appellant with respect

to whether a move is a material change in circumstance largely inapposite because here, appellee was not trying to increase access or require the child to travel to him for visitation. Rather, he was attempting to reconcile his erratic work schedule and appellant's decision to move with the child from Midland to McLennan County with having access to his child. Appellant also asserts out that there is no change in circumstances that would justify a change in visitation because appellee was working the same schedule as he had during the marriage. However, appellant fails to note the difference—the parties no longer live in the same town, Midland.

## C. Best Interest of the Child

It is the public policy of the state to "encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child." *See* TEX. FAM. CODE ANN. § 153.251 (West 2008). To achieve this end, the Legislature established a rebuttable presumption that a standard possession order provides the reasonable minimum possession of a child for a parent named as a joint managing conservator, and such order is in the best interest of the child. *See id.* at § 153.252. When deviating from the standard possession order, the trial court looks to the standard possession order guidelines and may also consider the age, developmental status, circumstances, needs, and best interests of the child, the circumstances of the joint managing conservators, and any other relevant factor. TEX. FAM. CODE ANN. § 153.256 (West 2008). The presumption does not apply to orders modifying possession. *See Weldon v. Weldon*, 968 S.W.2d 515, 517 (Tex. App.—Texarkana 1998, no pet.) (holding that terms of

6

standard possession order do not apply in modification proceedings).

Here, the trial court took into consideration the standard possession order, as well as appellee's specific work schedule. The trial court was charged with the responsibility to encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child. *Id.* § 153.251. We find no abuse of discretion in the trial court's order with respect to the best interest of S.A.S.

## D. Residency in McLennan County

By issue three, appellant urges that the trial court erred in restricting the residence of the appellee and the child to McLennan County. Based upon the record before us, we agree. The trial court's order states that the primary residence of appellant and the child is McLennan County and that the parties shall not remove the child until modified by further order of the court of continuing jurisdiction. Appellant points out that no prior order placed geographic restrictions on the parties. The trial court made a fact finding that the restriction of the child to McLennan County was in the child's best interest. Unlike in issues one and two, however, there were no discussions on the record about a geographical restriction. The first two issues were basically resolved on undisputed facts. Further, there were no reasons stated in the fact findings to show why it would be in the child's best interest to remain in McLennan, County. While we question why appellant would object to the geographical restriction as McLennan County, as it is her county of residence and not appellee's, we sustain issue three because there was no evidence in the record to show that a geographical restriction was in S.A.S.'s best interest

and because there is nothing in the record to show that the parties had even contemplated this restriction as a possibility.

## E. Withdrawal of the Stipulation

By appellant's fourth issue, she argues that the trial court abused its discretion in not allowing the parties to withdraw a stipulation that was based upon mutual mistake. On January 29, 2010, appellant and her attorney entered into a stipulation with appellee and the Office of the Attorney General of Texas that there were no child support arrearages owed by appellee prior to October 31, 2004, and child support would not have been owed by appellee until November 1, 2004, as stated in the divorce decree. The trial court entered an order on April 14, 2010, approving a stipulation and confirming the support arrearages. The order confirmed that appellee was not in arrears in support as of October 3, 2004. That order has not been appealed. On July 14, 2010, appellant filed her notice of appeal, stating that she was appealing from an order signed April 22, 2010, and desired to appeal from all portions of the judgment. Because appellant did not appeal from the order of April 14, 2010, she is prohibited from raising issues with respect to that order. The April 22, 2010 order deals strictly with access and possession and does not address support whatsoever. Thus, because the question raised by appellant in issue four was not a part of the order from which she appealed, we have no jurisdiction to decide the issue appellant raises. *See* TEX. R. APP. P. 25(b). We overrule issue four.

## F. Mootness

Appellee filed an objection with the Court urging that the entire appeal was moot because appellant filed a petition to modify the parent-child relationship on September

8

28, 2010. Appellee informed this Court that on November 9, 2010, the trial court altered its April 22, 2010 order. Appellee included a portion of the transcription from that hearing in his motion, however, no one has filed an order in this Court with respect to the November 9, 2010 hearing. We requested a supplemental record from the district clerk to determine if there was a later order that would moot this appeal. The clerk forwarded a docket sheet to this Court. The docket sheet, however, does not reflect that an order was signed. Thus, at this point, there is nothing in the appellate record that would support a conclusion that the appeal was rendered moot by a later order.

## IV. CONCLUSION

The order of the trial court is affirmed, except with respect to the provision restricting appellant and the child to McLennan County, which we reverse and remand to the trial court to delete that provision from its April 22, 2010 order. The judgment of the trial court is affirmed, in part, and reversed and remanded, in part, in accordance with this opinion.

ROSE VELA
Justice

Delivered and filed the
20th day of October, 2011.