In the Interest of S.J.B., A Child

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-339-CV

IN THE INTEREST OF S.J.B., A CHILD 

------------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In 2001, the trial court entered an order establishing the parent-child relationship between S.J.B. and Steven B., Appellee.  The trial court named Steven and S.J.B.’s mother, Kristen W., Appellant, joint managing conservators of the little boy and designated Kristen as the parent with the exclusive right to determine the child’s primary residence without regard to geographic location.  About three years later, Steven filed a petition to modify the parent-child relationship, seeking an order naming him as the person with the exclusive right to designate the primary residence of the child, who was five years old at the time, and restricting the child’s residence to Denton, Parker, Tarrant, or Dallas County.  The trial court granted Steven’s petition, and Kristen appealed, contending in one point that the trial court abused its discretion in granting the petition because the evidence was insufficient to prove that the change of primary residence would be in the child’s best interest.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s order. We review the trial court's modification order under an abuse of discretion standard.
(footnote: 2)  A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles.
(footnote: 3)  Legal and factual sufficiency are not independent grounds of error in modification cases, but they are relevant factors in deciding whether the trial court abused its discretion.
(footnote: 4) The family code authorizes modification of an order that establishes conservatorship and/or possession of and access to a child if, in relevant part, modification would be in the best interest of the child and “the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed.”
(footnote: 5)  A court's primary consideration shall always be the best interest of the child.
(footnote: 6)  Courts may use a nonexhaustive list of factors to determine the child’s best interest, including but not limited to the emotional and physical needs of the child now and in the future; the parental abilities of the individuals seeking custody; the programs available to assist these individuals to promote the best interest of the child; the plans for the child by these individuals seeking custody; and the stability of the home or proposed placement.
(footnote: 7)  In a modification case, the movant must prove his case by a preponderance of the evidence.
(footnote: 8)
 Evidence at trial indicated that five-year-old S.J.B. was so developmentally delayed verbally that he would chew on things, scratch, and kick in frustration when he could not communicate and that he did not know his colors, numbers, or alphabet; that Steven and his wife worked with S.J.B. when he was in their possession to improve his verbal skills and basic knowledge but that he could not retain what he had learned from one limited period of possession until the next; that Kristen did not challenge S.J.B. or work with him personally to help him overcome the developmental problems while he was in her possession, nor had she gotten him evaluated or enrolled him in any programs to help with his speech; that she would not allow Steven to schedule an appointment for S.J.B. to be tested during her scheduled times of possession under the prior order; and that she told Steven that she did not want him to get S.J.B. tested.  Kristen testified that she did not think that there was anything wrong with S.J.B., nor did she believe that he was slow, and she admitted that she had never had him screened for developmental problems.

Evidence also indicated that S.J.B. was abnormally shy, even with close family members, and that he had not had much social interaction with other children his own age.  Steven and his wife testified that they wanted to get S.J.B. involved in speech therapy, school, and social activities and gave specific details to show that their desires and plans were genuine.

Evidence additionally indicated that Kristen’s housing situation was somewhat unstable.  She had moved twice since the prior order, had married and had at least contemplated divorce (Steven testified that her divorce was pending), and had wanted to move with S.J.B. to Indiana.  Kristen testified that she and her husband had decided not to divorce after all, that they had decided instead to seek counseling, that it helped, and that they were going to stay together in this area.

Steven stated that he moved to this area from San Antonio to be near his son.  Steven additionally testified that S.J.B. is comfortable in Steven’s home and with his wife and their baby, and that he has sufficient resources and an appropriate home to provide for him.

We have previously held that evidence of a child’s need for speech therapy and a parent’s failure to adequately provide such therapy supported a finding that the best interests of a child authorized transfer of custody to the other parent.
(footnote: 9)  Based on our review of the record in this case, we cannot say that the trial court abused its discretion by granting the modification.  We overrule Kristen’s sole point and affirm the trial court’s order.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAUPHINOT, J.; GARDNER, J; and BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  July 20, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
In re T.D.C.
, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh’g); 
see Gillespie v. Gillespie
, 644 S.W.2d 449, 451 (Tex. 1982) (applying the same standard of review in original determination of conservatorship).

3:
Downer v. Aquamarine Operators
,
 Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

4:
T.D.C.
, 91 S.W.3d at 872.

5:
T
EX
. F
AM
. C
ODE
 A
NN
. § 156.101(1) (Vernon Supp. 2005); 
In re V.L.K.
, 24 S.W.3d 338, 342 (Tex. 2000).

6:
Tex. Fam. Code Ann.
 § 153.002 (Vernon 2002); 
V.L.K.
, 24 S.W.3d at 342.

7:
Holley v. Adams
, 544 S.W.2d 367, 371-72 (Tex. 1976); 
T.D.C.
, 91 S.W.3d at 872.

8:
Tex. Fam. Code Ann. 
§ 105.005 (Vernon 2002); 
In re Z.B.P.
, 109 S.W.3d 772, 780-81 (Tex. App.—Fort Worth 2003, no pet.).

9:
Horton v. Horton
, 625 S.W.2d 78, 80 (Tex. App.—Fort Worth 1981, writ ref’d n.r.e.).