24 S.W.3d 338 (2000)
In the Interest of V.L.K.
No. 99-0843.
Supreme Court of Texas.
Argued April 12, 2000.
Decided June 22, 2000.
Rehearing Overruled August 24, 2000.
*339 John A. Clark, Toby R. Goodman, Goodman & Clark, Arlington, for petitioner.
John D. Nation, Dallas, Richard C. Price, Fort Worth, for respondent.
JAMES A. BAKER, Justice.
This is a child custody case. The issue here is whether the parental presumption, codified in Family Code section 153.131 that it is in the best interest of a child to be with a natural parent unless the appointment would impair the child's physical health or emotional developmentapplies in a custody modification suit under Family Code section 156.101. We hold that the parental presumption applies only *340 in original custody determinations and does not apply in a modification suit. Therefore, we reverse the court of appeals' judgment and render judgment for the Hickses.

I. BACKGROUND
In September 1994, when V.L.K. was fourteen-months old, his mother Leigh Ann Kilgore shot and killed V.L.K.'s father. Kilgore was charged with murder and was released from jail after posting bond. The court later revoked her bond, and Kilgore spent from February 18, 1995 to March 21, 1995 in jail. During this time, V.L.K. stayed with Donna and Rick Chabot, Kilgore's sister and brother-in-law. In August 1995, the court again revoked Kilgore's bond, and she returned to jail to await trial. In August 1995, the Chabots arranged for V.L.K. to stay with Medina and James Hicks, V.L.K.'s paternal aunt and uncle, while the Chabots completed their new home. During this time, Mr. Chabot was diagnosed with a serious illness. The Hickses agreed to keep V.L.K. while the Chabots sought medical treatment in Denver. Meanwhile, Kilgore's trial date was reset from January 1996 to May 1996.
Fearing that the Hickses would try to obtain permanent custody of V.L.K., Kilgore filed an agreed decree in January 1996 appointing her mother, Jean Christiansen, V.L.K.'s managing conservator and designating herself possessory conservator.[1] The court signed the order on January 9, 1996. Kilgore did not notify the Hickses of this agreed order. Furthermore, even after the change in conservatorship, Christiansen left V.L.K. in the Hickses' care. At that time, Christiansen lived in Vienna, Austria. In April 1996, after the Hickses learned about the agreed decree, they filed a motion to modify, requesting that they be appointed joint managing conservators. Kilgore filed a cross-petition requesting that the January 1996 decree be modified to appoint her as sole managing conservator. Christiansen filed an answer requesting that either Kilgore or Donna Chabot be named sole managing conservator.
At a pretrial conference, the Hickses argued that the parental presumption that normally governs in a custody dispute between a parent and a nonparent did not apply. They contended that when Kilgore appointed Christiansen as sole managing conservator, she voluntarily relinquished the right to that presumption and that Kilgore should be treated the same as a nonparent. The Hickses also argued that the parental presumption applies only in original custody determinations and not in a modification proceeding. The trial court agreed that the presumption did not apply in this case.
At the charge conference, the Hickses argued that the jury should be instructed that, in this case, there is no presumption that a parent should be appointed as managing conservator. Kilgore objected, and asked the court to instruct the jury that the parental presumption applied. Alternatively, Kilgore argued that the trial court should not include the "no presumption" instruction in the charge because it would move the jury from a neutral position to one that disfavored Kilgore. The trial court overruled Kilgore's objections and included the following instruction in the charge:
NO PRESUMPTION
There is no presumption that a parent should be appointed as managing conservator if there has previously been an order of custody awarding conservatorship to a third party, or if the parent has voluntarily relinquished actual care, control, *341 and possession of the child to a nonparent for a period of one year or more, a portion of which was within ninety days preceding the date of intervening in or filing of this suit and the appointment of the nonparent as managing conservators [sic] is in the best interest of the child.
The jury determined that the Hickses should be appointed managing conservators, and the trial court rendered judgment on the jury's verdict. The court named Kilgore possessory conservator.
Kilgore appealed, asserting that the "no presumption" instruction was legally erroneous and that the parental presumption should apply in this case. The court of appeals agreed, holding that the parental presumption applied and that the trial court abused its discretion when it gave the jury the no presumption instruction. Accordingly, the court of appeals reversed the trial court's judgment and remanded the case for a new trial. 993 S.W.2d 887.
In their petition for review to this Court, the Hickses assert that the trial court properly instructed the jury that the parental presumption does not apply in modification suits. The Hickses also assert that the parent and nonparent have equal burdens in a modification proceeding: to show that a change in circumstances has occurred and appointing them managing conservator would be a positive improvement for the child. Kilgore responds that the parental presumption applies to modification suits. Alternatively, Kilgore argues that even if the presumption does not apply in every modification proceeding, it applies if the parties in the modification suit are different parties than those involved in the original custody determination. Therefore, Kilgore argues that the court of appeals correctly held that the "no presumption" instruction was error.

II. APPLICABLE LAW

A. STANDARD OF REVIEW
We review a trial court's decision to submit or refuse a particular instruction under an abuse of discretion standard of review. See Louisiana-Pacific Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex.1998). The trial court has considerable discretion to determine necessary and proper jury instructions. See Knighten, 976 S.W.2d at 676.

B. MANAGING CONSERVATORSHIP
The presumption that the best interest of the child is served by awarding custody to the parent is deeply embedded in Texas law. See Lewelling v. Lewelling, 796 S.W.2d 164, 166 (Tex.1990) (citing Mumma v. Aguirre, 364 S.W.2d 220, 221 (Tex.1963) and Legate v. Legate, 87 Tex. 248, 28 S.W. 281, 282 (1894)). The parental presumption is based upon the natural affection usually flowing between parent and child. See Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955). The Legislature codified the presumption in Chapter 153 of the Family Code, which governs original custody determinations:
Unless the court finds that the appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.
Tex. Fam.Code § 153.131(a)[2]. Thus, under Chapter 153, the nonparent can rebut the parental presumption by showing that the appointment of the parent would significantly impair the child's health or development. See Brook v. Brook, 881 S.W.2d *342 297, 298 (Tex.1994). Chapter 153 also provides that the parental presumption is rebutted if the natural parent has "voluntarily relinquished actual care, control, and possession of the child to a nonparent" for one year or more and the appointment of a nonparent as managing conservator is in the best interest of the child. Tex. Fam. Code § 153.373. A court's primary consideration in any conservatorship case "shall always be the best interest of the child." Tex. Fam.Code § 153.002.
After a court makes an original custody determination, a party may move to modify that determination. See Tex. Fam.Code § 156.002. Section 156.101 provides the grounds for modifying conservatorship:
(a) The court may modify an order that designates a sole managing conservatorship of a child of any age if:
(1) the circumstances of the child, sole managing conservator, possessory conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order; and
(2) the appointment of the new sole managing conservator would be a positive improvement for the child.
Tex. Fam.Code § 156.101(a). Thus, any person who seeks to modify an existing custody order must show (1) changed circumstances and (2) that modification would be a positive improvement for the child. Chapter 156 does not provide for a parental presumption in modification suits. Likewise, this Court has held that the parental presumption does not control in modification suits. See Taylor, 276 S.W.2d at 790.

III. ANALYSIS
Here, the court of appeals held that "the preference in favor of appointment of a natural parent as the child's managing conservator was not obliterated" by the agreed order naming a third party managing conservator. 993 S.W.2d at 892. Further, the court concluded that the trial court abused its discretion when it instructed the jury that a parent is not entitled to the presumption. 993 S.W.2d at 892.
The Hickses assert that the court of appeals' holding, while implying that the parental preference is no more than a factor in a modification suit, in fact places a higher burden of proof on the nonparent to be named managing conservator. This higher burden, they argue, is appropriate only in original custody proceedings where the statutory parental presumption applies. Further, the Hickses allege that the trial court's instruction that no presumption applied in this case was necessary to overcome the natural tendency to assume that granting the parent custody serves a child's best interest.
Kilgore counters that the parental presumption only disappears if the parties in the original suit and the modification suit are the same. Kilgore argues that the Hickses cite cases in which the original custody suit involved a parent and a nonparent seeking custody of a child. See, e.g., Taylor, 276 S.W.2d at 790; In re Ferguson, 927 S.W.2d 766, 768 (Tex. App.Texarkana 1996, no writ). In each case, after the court awarded the child's custody to the nonparent, the parent later sought to regain custody. Therefore, the original and modification proceedings both involved identical parties. Because the original custody determination here did not involve the Hickses, Kilgore asserts that she should receive the benefit of the parental presumption against the Hickses.
This Court has previously considered the parental presumption. In Taylor, the maternal grandparents were named managing conservators in the parent's divorce decree. See Taylor, 276 S.W.2d at 788. Several years later, the father sought to modify the order to regain custody of his daughter. See Taylor, 276 S.W.2d at 788. This Court noted that, after a court has awarded custody to a nonparent, a parent cannot merely show that she is a fit person to be entitled to custody. See Taylor, 276 S.W.2d at 789. Instead, the court should order a change only when convinced *343 that the change is a positive improvement for the child. See Taylor, 276 S.W.2d at 790. We noted that there is a difference between an original conservatorship determination and a modification: "Because a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child." Taylor, 276 S.W.2d at 790.
Moreover, courts of appeals have consistently recognized that the parental presumption does not apply in modification suits. See In re A.D.H., 979 S.W.2d 445, 447 (Tex.App.-Beaumont 1998, no pet.); In re Ferguson, 927 S.W.2d at 768-69; Hogge v. Kimbrow, 631 S.W.2d 603, 604 (Tex.App.-Beaumont 1982, no writ); Allen v. Salinas, 483 S.W.2d 289, 292 (Tex. Civ.App.El Paso 1972, no writ); Simmons v. Hitchcock, 283 S.W.2d 84, 87-88 (Tex.Civ.App.-El Paso 1955, no writ). These cases emphasize the policy concern that trial court should not change custody unless it is a positive improvement because of the child's need for stability. See, e.g., In re Ferguson, 927 S.W.2d at 768, 769.
We agree that the cases the Hickses rely on involve parties that participated in the original custody proceeding. But the courts' decisions do not depend upon the parties' identities as a basis for not applying the parental presumption in a modification suit. See, e.g., Taylor, 276 S.W.2d at 789-90. Likewise, the Family Code does not provide that the presumption is affected by the parties involved in the suit. Rather, the Legislature included the presumption in Chapter 153 which governs original proceedings, but did not include the presumption in Chapter 156 which governs modifications. See Tex. Fam.Code § 153.131; §§ 156.001-.408.
Chapter 153 and Chapter 156 are distinct statutory schemes that involve different issues. Chapter 156 modification suits raise additional policy concerns such as stability for the child and the need to prevent constant litigation in child custody cases. See Taylor, 276 S.W.2d at 790; Watts v. Watts, 563 S.W.2d 314, 316 (Tex. Civ.App.Dallas 1978, writ ref'd n.r.e.). The Legislature has determined that the standard and burden of proof are different in original and modification suits. Compare Tex. Fam.Code § 153.134 with Tex. Fam.Code § 156.101. A natural parent has the benefit of the parental presumption in an original proceeding, and the nonparent seeking conservatorship has a higher burden. See Brook, 881 S.W.2d at 298; Tex. Fam.Code § 153.131. However, the Legislature did not impose different burdens on parents and nonparents in modification suits. When we construe a statute, our primary objective is to give effect to the Legislature's intent. See Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex.1997). Because the Legislature did not express its intent to apply the presumption in Chapter 156 modification suits, courts should not apply the presumption in those cases. The court should instruct the jury by tracking the language of Family Code 156.101, which requires the parties to show that (1) circumstances of a party affected by the order have materially and substantially changed; and (2) modification would be a positive improvement for the child. See Tex. Fam.Code § 156.101(a); see also Comm. On Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury ChargesFamily PJC 217.1A (2000).
The trial court's instruction that no parental presumption applied in this case is consistent with the Family Code, and therefore, is a correct statement of the law. However, this Court has held that an instruction, while a correct statement of the law, may still be error if it is a comment on the weight of the evidence. See Acord v. General Motors Corp., 669 S.W.2d 111, 116 (Tex.1984). Kilgore objected in the trial court to the "no presumption" instruction as a comment on the weight of the evidence, but Kilgore did not raise that issue in her brief in the court of appeals or in this Court. A party complaining of charge error must properly preserve error in the trial court and must *344 raise the issue on appeal. See Tex. R. Civ. P. 278-279; Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 493 (Tex. 1996). Thus, we may not consider whether the "no presumption" instruction was an improper comment on the weight of the evidence in this case. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Benavidez v. Isles Const. Co., 726 S.W.2d 23, 25 (Tex.1987).

IV. CONCLUSION
We conclude that Chapter 153's parental presumption does not apply in a Chapter 156 modification proceeding. Because the trial court's instruction that no parental presumption applied here was a correct statement of the law and no other complaint about the charge was raised on appeal, we hold that the trial court did not abuse its discretion in its jury charge. Accordingly, we reverse the court of appeals' judgment and render judgment for the Hickses.
NOTES
[1] A managing conservator has the right to establish the child's residence and has primary custody of the child. See generally Tex. Fam.Code §§ 153.132; 153.371. A possessory conservator typically has visitation rights under terms and conditions set by the court. See Tex. Fam.Code § 153.192.
[2] The Legislature amended relevant parts of the Family Code in 1997 and 1999. See Act of June 20, 1997, 75 th Leg., R.S., ch. 1193, § 20, 1997 Tex. Gen. Laws 4596, 4602; Act of June 19, 1999, 76th Leg., R.S., ch. 1390, §§ 12, 15, 1999 Tex. Gen. Laws 4696, 4699, 4700. The amendments do not apply to this case; therefore, all citations in this opinion are to the 1995 version of the statutes.