COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-339-CV

 

 

IN THE INTEREST OF S.J.B., A CHILD                                                     

                                                                                                        

                                              ------------

 

           FROM COUNTY
COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------













In 2001, the trial court entered an order
establishing the parent-child relationship between S.J.B. and Steven B.,
Appellee.  The trial court named Steven
and S.J.B.=s mother, Kristen W., Appellant,
joint managing conservators of the little boy and designated Kristen as the
parent with the exclusive right to determine the child=s
primary residence without regard to geographic location.  About three years later, Steven filed a
petition to modify the parent-child relationship, seeking an order naming him
as the person with the exclusive right to designate the primary residence of
the child, who was five years old at the time, and restricting the child=s
residence to Denton, Parker, Tarrant, or Dallas County.  The trial court granted Steven=s
petition, and Kristen appealed, contending in one point that the trial court
abused its discretion in granting the petition because the evidence was
insufficient to prove that the change of primary residence would be in the
child=s best
interest.  Because we hold that the trial
court did not abuse its discretion, we affirm the trial court=s order.       We review the trial court's modification
order under an abuse of discretion standard.[2]  A trial court abuses its discretion if it
acts arbitrarily and unreasonably or without reference to guiding principles.[3]  Legal and factual sufficiency are not
independent grounds of error in modification cases, but they are relevant
factors in deciding whether the trial court abused its discretion.[4]    The family code authorizes modification of
an order that establishes conservatorship and/or possession of and access to a
child if, in relevant part, modification would be in the best interest of the
child and Athe circumstances of the child,
a conservator, or other party affected by the order have materially and
substantially changed.@[5]  A court's primary consideration shall always
be the best interest of the child.[6]  Courts may use a nonexhaustive list of
factors to determine the child=s best
interest, including but not limited to the emotional and physical needs of the
child now and in the future; the parental abilities of the individuals seeking
custody; the programs available to assist these individuals to promote the best
interest of the child; the plans for the child by these individuals seeking
custody; and the stability of the home or proposed placement.[7]  In a modification case, the movant must prove
his case by a preponderance of the evidence.[8]








Evidence at trial indicated that five-year-old
S.J.B. was so developmentally delayed verbally that he would chew on things,
scratch, and kick in frustration when he could not communicate and that he did
not know his colors, numbers, or alphabet; that Steven and his wife worked with
S.J.B. when he was in their possession to improve his verbal skills and basic
knowledge but that he could not retain what he had learned from one limited
period of possession until the next; that Kristen did not challenge S.J.B. or
work with him personally to help him overcome the developmental problems while
he was in her possession, nor had she gotten him evaluated or enrolled him in
any programs to help with his speech; that she would not allow Steven to
schedule an appointment for S.J.B. to be tested during her scheduled times of
possession under the prior order; and that she told Steven that she did not
want him to get S.J.B. tested.  Kristen
testified that she did not think that there was anything wrong with S.J.B., nor
did she believe that he was slow, and she admitted that she had never had him
screened for developmental problems.

Evidence also indicated that S.J.B. was
abnormally shy, even with close family members, and that he had not had much
social interaction with other children his own age.  Steven and his wife testified that they
wanted to get S.J.B. involved in speech therapy, school, and social activities
and gave specific details to show that their desires and plans were genuine.








Evidence additionally indicated that Kristen=s
housing situation was somewhat unstable. 
She had moved twice since the prior order, had married and had at least
contemplated divorce (Steven testified that her divorce was pending), and had wanted
to move with S.J.B. to Indiana.  Kristen
testified that she and her husband had decided not to divorce after all, that
they had decided instead to seek counseling, that it helped, and that they were
going to stay together in this area.

Steven stated that he moved to this area from San
Antonio to be near his son.  Steven
additionally testified that S.J.B. is comfortable in Steven=s home
and with his wife and their baby, and that he has sufficient resources and an appropriate
home to provide for him.

We have previously held that evidence of a child=s need
for speech therapy and a parent=s
failure to adequately provide such therapy supported a finding that the best
interests of a child authorized transfer of custody to the other parent.[9]  Based on our review of the record in this
case, we cannot say that the trial court abused its discretion by granting the
modification.  We overrule Kristen=s sole
point and affirm the trial court=s order.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:   DAUPHINOT,
J.; GARDNER, J; and BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED:  July 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]In re T.D.C.,
91 S.W.3d 865, 872 (Tex. App.CFort Worth 2002, pet. denied) (op. on reh=g); see
Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982) (applying the same
standard of review in original determination of conservatorship).





[3]Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).





[4]T.D.C., 91
S.W.3d at 872.





[5]TEX. FAM. CODE ANN. ' 156.101(1) (Vernon Supp. 2005); In re V.L.K.,
24 S.W.3d 338, 342 (Tex. 2000).





[6]Tex. Fam. Code Ann. ' 153.002 (Vernon 2002); V.L.K., 24 S.W.3d at
342.





[7]Holley v. Adams,
544 S.W.2d 367, 371‑72 (Tex. 1976); T.D.C., 91 S.W.3d at 872.





[8]Tex. Fam. Code Ann. ' 105.005
(Vernon 2002); In re Z.B.P., 109 S.W.3d 772, 780-81 (Tex. App.CFort
Worth 2003, no pet.).





[9]Horton v. Horton, 625 S.W.2d 78, 80 (Tex. App.CFort Worth 1981, writ ref=d
n.r.e.).