# NO. 12-07-00188-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE* |
| *OF T.D.J.,* | § | *COUNTY COURT AT LAW* |
| *A CHILD* | § | *CHEROKEE COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Appellant Joyce Askins appeals the trial court's order setting aside the decree granting grandparent access and its denial of her motion for new trial. On appeal, Askins presents two issues. We reverse and remand.

### BACKGROUND

Appellee Season Gayler is the mother of T.D.J. and Askins is the child's paternal grandmother. On May 9, 2003, Askins filed a petition in Kaufman County for grandparent access against Gayler, stating that the parents of the child were divorced, and requesting access during weekends and the summer. Gayler filed a motion challenging the constitutionality of the grandparent possession and access provisions of the Texas Family Code,[1] a motion to dismiss Askins's petition, and an answer, special exceptions, and motion to strike. Gayler and Askins signed Rule 11 agreements allowing Askins possession of the child during weekends, holidays, and summer. In April 2005, the trial court terminated the parent-child relationship between T.D.J. and his biological father, Askins's son. On August 29, 2005, the trial court signed a final decree granting grandparent access, allowing Askins possession of T.D.J. during weekends, holidays, and

---

[1] *See* TEX. FAM. CODE ANN. § 153.431-.434 (Vernon Supp. 2008).

summer.

On October 2, 2006, Gayler filed a motion to set aside or, alternatively, a petition to modify the decree granting grandparent access. According to Gayler, both the holding in *Troxel v. Granville*, 530 U.S. 57 (2000) and section 153.433(2) of the Texas Family Code formed the basis for vacating this order. Further, she alleged that since T.D.J.'s biological father's rights had been terminated, any relationship existing between T.D.J. and Askins through that connection was terminated. Gayler also filed a motion to transfer the case to Cherokee County, which was granted.

The trial court set a hearing on Gayler's motion to set aside or modify for April 16, 2007. At that hearing, neither Askins or her counsel appeared and the trial court took judicial notice that notice of the hearing was sent to Askins's counsel. Gayler testified that the parent-child relationship between T.D.J and his biological father, Askins's son, had been terminated and that the Texas Family Code was amended after the order granting Askins grandparent access was signed. Gayler also stated that after the order was signed, Askins had exercised her visitation sporadically, missed several visitations, and failed to inform Gayler that she would not be able to exercise her visitation. According to Gayler, on numerous occasions Askins violated an injunction against allowing any contact between T.D.J. and his biographical father. Gayler stated that Askins had not seen T.D. J. in two years. She also testified that Askins left some inappropriate and threatening messages for her regarding Askins's efforts to locate T.D.J. Gayler believed it was in T.D.J.'s best interests that the trial court vacate the prior order granting grandparent access, and terminate all access and communication between T.D.J. and Askins.

At the conclusion of the hearing, the trial court granted the motion. In its order, the trial court found that all ties, biological or otherwise, had been terminated between the biological father and T.D.J., thus terminating any relationship between Askins and T.D.J. that would exist through that connection. Additionally, the trial court found that Askins had repeatedly violated the order granting grandparent access and that Askins had little or no contact with the child for approximately two years preceding the hearing. Further, the trial court found that the order granting grandparent access was not in compliance with section 153.433(2) of the Texas Family Code, that Askins did not overcome the presumption that a fit parent acts in the best interest of her child, and that Askins did not prove or present any evidence that denial of access would

2

significantly impair the child's physical health or emotional well being. Askins filed a motion for new trial, which the trial court denied. This appeal followed.

**GRANDPARENT ACCESS**

In her second issue, Askins contends that the trial court abused its discretion by granting Gayler's motion to set aside or, alternatively, petition to modify the decree granting grandparent access. Specifically, she argues that the trial court based its decision on section 153.433 of the Texas Family Code instead of section 156.101. Further, Askins contends that the trial court's interpretation of sections 153.433 and 153.434 of the Texas Family Code was flawed as it relates to the effect of the termination of T.D.J.'s biological father's rights on her ability to file suit for grandparent access.[2]

In addressing this issue, we must first determine whether section 153.433 or 156.101 of the Texas Family Code applies. The distinction between section 153.433 governing an original suit for grandparent possession or access, and section 156.101 governing a modification proceeding, is more than procedural or semantic. *In re C.A.M.M.*, 243 S.W.3d 211, 215 (Tex. App.–Houston [14th Dist.] 2007, pet. denied). Chapter 153 and Chapter 156 are distinct statutory schemes that involve different issues. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000). The legislature has determined that the standard and burden of proof are different in original and modification suits. *Id.* Under Chapter 153, the legislature codified a "parental presumption" in an original proceeding. *See id.* at 341; *In re C.A.M.M.*, 243 S.W.3d at 215. Regarding grandparent possession or access, the parental presumption is that a parent acts in the best interest of the parent's child. TEX. FAM. CODE ANN. §153.433(2) (Vernon Supp. 2008). A court cannot order grandparent possession or access unless the requesting grandparent overcomes this presumption by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well being. *Id.*

In a modification proceeding under Chapter 156, the legislature did not impose different

---

[2] We note that section 161.206(c) of the Texas Family Code governing orders terminating parental rights states that "[n]othing in this chapter precludes or affects the rights of a biological or adoptive maternal or paternal grandparent to reasonable access under Chapter 153." *See* TEX. FAM. CODE ANN. §161.206(c) (Vernon Supp. 2008).

burdens on parents and nonparents. ***In re V.L.K.***, 24 S.W.3d at 343. Nor does Chapter 153's parental presumption apply in a Chapter 156 modification proceeding. ***Id.*** at 344. Instead, section 156.101 states that a trial court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if (1) modification would be in the best interest of the child and (2) the circumstances of the child, conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order. TEX. FAM. CODE ANN. § 156.101(1)(A) (Vernon Supp. 2008).

Here, Askins filed an original petition for grandparent access. On August 29, 2005, the trial court signed a final decree granting Askins grandparent access. Thereafter, Gayler filed a motion to set aside the decree or, alternatively, a petition to modify the decree and, on April 16, 2007, the trial court signed an order granting Gayler's motion. Because this appeal does not concern the original grandparent access suit, but instead, the order granting Gayler's motion, we conclude that the modification statute of the Texas Family Code governs this issue. *See **Spencer v. Vaughn***, No. 03-05-00077-CV, 2008 WL 615443, at *8 (Tex. App.–Austin Mar. 6, 2008, pet. filed) (mem. op., not designated for publication).

A trial court's modification is reviewed for abuse of discretion. ***In re P.M.B.***, 2 S.W.3d 618, 621 (Tex. App.–Houston [14th Dist.] 1999, no pet.). It is an abuse of discretion for a trial court to rule without supporting evidence. ***Id.*** Under an abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant facts in assessing whether the trial court abused its discretion. ***In re Ferguson***, 927 S.W.2d 766, 769 (Tex. App.–Texarkana 1996, no writ). In the absence of such a clear abuse of discretion, an appellate court should not substitute its judgment for that of the trial court. ***Id.***

In this case, there was insufficient evidence at the April 16, 2007 hearing that the circumstances of the child, conservator, or other party affected by the original order had materially and substantially changed since the date of the rendition of the order. *See* TEX. FAM. CODE ANN. § 156.101(1)(A); ***In re M.N.G.***, 113 S.W.3d 27, 36 (Tex. App.–Fort Worth 2003, no pet.). Further, the trial court's order granting Gayler's motion did not include a finding that there was a material and substantial change in the circumstances of the child, conservator, or other party

4

affected by the original order. Instead, the trial court based its decision on section 153.433(2) of the Texas Family Code and improperly imposed a burden on Askins to establish the unfitness of Gayler or present evidence that denial of access would significantly impair T.D.J.'s physical health or emotional well being. *See In re V.L.K.*, 24 S.W.3d at 344; *In re M.N.G.*, 113 S.W.3d at 36. Because there was insufficient evidence of and the trial court's order did not find a material and substantial change in the circumstances of the child, conservator, or other party affected by the original order, the trial court abused its discretion in granting Gayler's motion. *See M.N.G.*, 113 S.W.3d at 36; *In re P.M.B.*, 2 S.W.3d at 621. Therefore, Askins's second issue is sustained.[3]

### DISPOSITION

Having sustained Askins's second issue, we *reverse* the trial court's order on motion to set aside decree granting grandparent access and *remand* the matter for further proceedings consistent with this opinion.


    SAM GRIFFITH
Justice


Opinion delivered November 26, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

---

[3] In her first issue, Askins argues that the trial court abused its discretion in denying her motion for new trial. Because her second issue is dispositive, we need not address the motion for new trial. *See* TEX. R. APP. P. 47.1.