In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00131-CV
_____

IN THE INTEREST OF J.D.H. JR.

On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. F-216,434-B

MEMORANDUM OPINION

Appellant, J.D.H. (Father),[1] filed a petition to modify to change the
conservator with the right to designate the primary residence of his child, J.D.H. Jr.
Father sought a modification of a prior order in which the child's mother, A.R.P.
(Mother), had been named as the conservator with the exclusive right to designate
the child's primary residence. After a bench trial, the trial court denied the relief

---

[1]*See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2018) (authorizing use
of fictitious names or initials to identify parties in family law cases).

sought in the petition to modify. The trial court found that neither the petition, attachments, or arguments provided adequate facts to support an allegation that there had been a material and substantial change of circumstances since the rendition of the order to be modified, an allegation that the child's present environment may endanger his physical health or substantially impair his emotional development, an allegation that the person with the exclusive right to designate the child's primary residence voluntarily relinquished the primary care and possession of the child to another person for at least six months, or an allegation that the modification was in the best interest of the child. In his appeal, Father filed a pro se brief in which he fails to specify his issues on appeal and he fails to cite to the record or provide adequate briefing. *See* Tex. R. App. P. 38.1.

Liberally construing his appellate brief, Father criticizes Mother's parenting of the child, and Father complains that the trial court denied his petition to modify custody after the child had resided with Father every other week by agreement with Mother, and Father suggests Mother stopped the voluntary arrangement because Father started a family with another woman. Because we conclude that the trial court had sufficient evidence from which it could reject Harris's alleged grounds for modifying custody, we affirm the trial court's denial of Harris's modification petition.

A trial court may modify a prior conservatorship order if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the rendition of the prior order. Tex. Fam. Code Ann. § 156.101(a)(1)(A) (West 2014). And a trial court may modify the order if the conservator with the right to designate the child's primary residence has voluntarily relinquished the primary care and possession of the child to another person for at least six months. *Id.* § 156.101(a)(3). In a modification proceeding, the trial court bases its findings on a preponderance of the evidence. *Id.* § 105.005. "The judgment of the trial court will be reversed only when it appears from the record as a whole that the court has abused its discretion." *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).

To prove that a material change in circumstances has occurred, the petitioner must show the conditions that existed at the time of the entry of the prior order and the material change that occurred in the intervening period. *Filla v. Filla*, No. 03-14-00502-CV, 2016 WL 4177236, at *4 (Tex. App.—Austin Aug. 5, 2016, pet. denied) (mem. op.).

The non-exhaustive list of factors considered by the trial court in determining the best interest of the child in a modification proceeding include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future;

(3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual who seeks custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual who seeks custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; (9) any excuse for the acts or omissions of the parent; and (10) the child's need for stability and the need to prevent constant litigation in child custody cases. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000); *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

The trial court signed the original parentage order in September 2012. The original order does not appear in the appellate record, but in the modification hearing Mother and Father agreed that Mother had primary custodial care of the child under the original order, and Father alleged in his Petition to Modify that in the original order Mother had the exclusive right to designate the child's residence. During the modification hearing, Father stated that before September 2012 he had physical possession of the child every other week. According to Father, after September 2012 there were occasions when Mother asked Father to keep the child. The parties returned to court in 2014 for a child support enforcement and modification proceeding. The 2014 order was admitted into evidence in the modification hearing.

Although Father testified that the 2014 modification proceeding concluded with no change in child support because the parents were essentially splitting possession of the child equally, the 2014 order refers only to the parties' support obligations and does not address the possession of the child. Father testified that in 2016 he possessed the child for as long as three months while Mother was working out-of-state. Additionally, he claimed the child lived with him for six consecutive months ending late in 2015.

Father testified that around 2014 Mother enrolled the child at Fehl-Price elementary school where the child attended pre-kindergarten, kindergarten, and first grade. Father testified that he received a letter from the school that suggested children enrolled in the school could transfer elsewhere in the district because the "school was failing[.]" Father testified he wanted to transfer the child to Blanchette Elementary, near Father's residence. Father also testified that he plans to remain in the same home where he has resided for three years.

Father stated that he works on Tuesday, Wednesday, and Thursday in his current employment. According to Father, since 2016, Mother has kept the child on days when he is working, and he has had the child the remaining days. Father alleged that Mother stopped the arrangement in October 2017. And, Father filed the modification suit in December 2017.

5

According to Mother, she and Father equally shared possession of their child from 2012 until October 2017. She disputed Father's claim that she had the child only on Tuesday and Wednesday nights and told the court that she had possession of the child Monday through Friday and Father had the child every weekend. According to Mother, she stopped the arrangement because she felt the child did not receive proper discipline. Mother denied that she left her son with Father for three or six months.

Both parents testified at the trial, and the trial court had the right to assess the credibility of both witnesses and give the testimony the weight the trial court deemed appropriate. *In re J.S.*, No. 05-16-00138-CV, 2017 WL 894541, at *6 (Tex. App.—Dallas Mar. 6, 2017, no pet.) (mem. op.). Mother denied that she left her son with Father for at least six months. Mother admitted that Father exercised greater custody than the periods required by the existing order, but Father did not show that allowing him to have additional access to the child constituted a material and substantial change of circumstances since the rendition of the prior order. Furthermore, although Father argued that granting him the right to designate the child's primary residence would enable Father to enroll the child in a different school where the child's half-siblings attend school, the trial court could have concluded that Father failed to present sufficient evidence that the child would receive a better education if he

6

changed schools and that Father failed to present sufficient evidence that the modification would be in the best interest of the child.

Under this record, we cannot say that the trial court abused its discretion by denying Father's petition to modify the conservatorship order to give Father the exclusive right to determine the child's primary residence. We affirm the trial court's order denying relief on the petition to modify the order affecting parent-child relationship.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 11, 2018
Opinion Delivered January 17, 2019

Before Kreger, Horton, and Johnson, JJ.