

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00113-CV
_____

IN THE INTEREST OF M.A.L., A CHILD

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 12020, Honorable Curt W. Brancheau, Presiding

December 17, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Father appeals from an order appointing him, Mother, and Stepfather joint managing conservators of Child. Stepfather was also granted the power to designate Child's primary residence. The two issues before us concern rebutting the parental presumption and proving Stepfather's standing. Father contends that neither were done; so, the trial court allegedly erred in designating Stepfather a joint managing conservator. We affirm.

*Issue One – Parental Presumption*

We first address the parental presumption and whether Stepfather overcame it. Father argues that he did not. The presumption in question is that specified in § 153.131

of the Texas Family Code.  It provides that, "unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child."  TEX. FAM. CODE ANN. § 153.131(a) (West 2014).  Stepfather, as the moniker indicates, was the stepfather of Child and not a biological parent.  Thus, in his petitioning to modify a prior order concerning the parent-child relationship, Father believes that Stepfather was obligated to present evidence satisfying the dictates of § 153.131(a).  Yet, that statute and the presumption it creates applies only in original custody proceedings, not modifications of prior custody orders.  *See In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000); *In re K.D.B.*, No. 01-18-00840-CV, 2019 Tex. App. LEXIS 7954, at *32–33 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, no pet.) (mem. op.); *In re C.E.M.-K.,* 341 S.W.3d 68, 78–79 (Tex. App.—San Antonio 2011, pet. denied).  The proceeding before us was initiated by Stepfather to modify a prior custody order, that order being the "Order Confirming Non-Agreed Child Support Review Order . . . rendered" in August of 2009. Thus, § 153.131(a) is inapposite, and we overrule the issue.

*Issue Two – Standing*

Through his second issue, Father questions whether Stepfather established standing apparently under §§ 102.004 and 153.131 of the Family Code.  Regarding the former, he asserts that 1) the "Family Code requires proof the child's present circumstances would significantly impair his or her physical health or emotional development.  Tex. Fam. Code § 102.004," and 2) "[n]o requisite element of proof was

even attempted to be plead or proven that would grant a nonparent standing to file suit for conservatorship listed in section 102.004." Regarding the latter, he posits that "[t]o award managing conservatorship to a non-parent under section 153.131 the non-parent must prove by a preponderance of credible evidence that appointing the parent as a managing conservator would result in serious physical or emotional harm to the child." We overrule the issue.

Assuming *arguendo* that § 153.131 deals with standing, we again note that the provision applies to original proceedings. *See In re V.L.K.*, 24 S.W.3d at 343; *In re K.D.B.*, 2019 Tex. App. LEXIS 7954, at *32–33; *In re C.E.M.-K.*, 341 S.W.3d at 78. The one at bar is not an original proceeding, as explained earlier.

To the extent that Father's standing argument rests on § 102.004 of the Family Code, he is apparently referring to sub-paragraph (a)(1) of the statute; it interjects into the equation the component of significant impairment to the child's health and emotional development. *See* TEX. FAM. CODE ANN. § 102.004(a)(1) (West 2019) (stating that "[i]n addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that . . . (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development"). Yet, it also governs situations wherein a grandparent or another relative within the 3rd degree of consanguinity seeks managing conservatorship. *Id.* Stepfather is neither.

The apposite provision is actually found at § 156.002 of the same Code. It provides that a "person or entity who, at the time of filing, has standing to sue under Chapter 102 may file a suit for modification in the court with continuing, exclusive jurisdiction." TEX. FAM. CODE ANN. § 156.002(b) (West 2014). Furthermore, Chapter 102 grants standing to "a person … who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." *Id.* § 102.003(9) (West Supp. 2019). At bar, the trial court found as a matter of fact that Stepfather Petitioner, "has had continual possession of the child for, at least, the two years preceding this suit." Moreover, Father does not contest this finding. Indeed, Stepfather testified that Child came to live with him about 2.5 years to three years before the hearing. Thus, Stepfather had standing to initiate the suit to modify because he possessed Child "for at least six months ending not more than 90 days" before petitioning for relief.

Having overruled each issue, we affirm the "Order in Suit to Modify Parent-Child Relationship."


Brian Quinn
Chief Justice