# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00745-CV

---

**K. B., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

## FROM THE 146TH DISTRICT COURT OF BELL COUNTY
## NO. 22DFAM333844, THE HONORABLE DALLAS SIMS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

K.B. (Father) appeals from a final order modifying the terms and conditions of the conservatorship of his son, "Daniel," who was two years old at the start of trial.[1] The modified order appoints S.S. (Mother) and the child's maternal great grandparents (Great Grandparents) as Daniel's joint managing conservators. We affirm.

### BACKGROUND

Mother gave birth to Daniel prematurely in January 2021. The Department of Family and Protective Services opened an investigation after learning that Mother tested positive for marijuana at the birth. In March 2022, the district court appointed Mother sole managing

---

[1] To protect the child's privacy, we refer to him by a pseudonym and to his parents by their initials or as Mother or Father. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

conservator of Daniel, did not appoint Father as possessory or managing conservator, and ordered him to have no contact with Daniel, and dismissed the Department from the case.[2]

In August 2022, the Department received a report that Mother assaulted Father while he was holding Daniel. The Department removed Daniel and petitioned to terminate the rights of both parents. An associate judge convened the final hearing on August 15, 2023. The Department's caseworker testified briefly before the judge recessed the hearing by agreement. When the case reconvened on September 12, 2023, Father's counsel made an oral motion to withdraw, stating that Father had "vehemently" requested that his attorney withdraw from the case. The associate judge denied the motion and recalled the caseworker to the stand.

The caseworker testified that the Department had reached an agreement with Mother that the court would appoint her and Great Grandparents as joint managing conservators of Daniel, with Great Grandparents having the exclusive right to make medical and educational decisions regarding Daniel. Mother and Father would have visitation rights at Great Grandparents' discretion.

The caseworker testified that the Department recommended that the court not designate Father as a conservator. She explained that the Department had drawn up a service plan for Father because of concerns regarding substance abuse and protective parenting. The plan required him to attend individual counseling, complete a psychological evaluation, follow any recommendations from the counselor or the evaluation, drug test regularly, participate in visits with Daniel, and keep the Department informed about his address, employment status, and financial affairs. The caseworker testified that Father did none of these things except for briefly

---

[2] We take this description of the previous case from the testimony of the Department caseworker.

attending visits with Daniel. He stopped attending visits after an incident during a visit in October 2022 when he "tried to remove [Daniel] from [the caseworker's] arms after [she] canceled [the] visit" because he allegedly smelled strongly of marijuana.

Father testified that his lack of compliance was due to the caseworker's dislike of him. Father reported the conflict to her supervisor and requested a change of caseworker, which was denied. Following the incident at the visitation, Father requested that the caseworker communicate with him through his attorney. Father testified that he agreed with Great Grandparents becoming managing conservators but objected to Mother remaining as conservator without a change in his status. He stated that although he did not wish to have custody of Daniel, the associate judge should appoint him as conservator with the same rights as Mother.

At the close of trial, the associate judge asked counsel for each party whether they had additional evidence to present. Father interjected: "Your Honor, can I say something to you real quick, please?" The court replied: "No, sir." After closing arguments, the associate judge announced that she was granting the Department's modification request. The associate judge subsequently rendered a proposed order appointing Mother and Great Grandparents as joint managing conservators of Daniel. With respect to Father, the associate judge found that his appointment as "managing conservator would not be in the best interest of the child because the appointment would significantly impair the child's physical health and emotional development" and ordered that he not be appointed as managing conservator. *See* Tex. Fam. Code § 153.131 (creating rebuttable presumption that parent should be appointed child's managing conservator). The associate judge's order became the referring court's judgment by operation of law, *see id.* § 201.2041(a), and this appeal ensued.

3

## DISCUSSION

Father argues in what we construe as two issues that the associate judge erred by not appointing him joint managing conservator of Daniel and by denying his counsel's request to withdraw.

### Parental Presumption

We start with Father's argument that the associate judge abused her discretion by finding that he should not be appointed managing conservator of Daniel. We review conservatorship determinations for an abuse of discretion. *A.S. v. Texas Dep't of Fam. & Protective Servs.*, 665 S.W.3d 786, 794 (Tex. App.—Austin 2023, no pet.). A trial court abuses its discretion by ruling arbitrarily, unreasonably, without regard for guiding rules or principles, or without supporting evidence. *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021).

The "best interest of the child" is always the "primary consideration" in conservatorship decisions. Tex. Fam. Code § 153.002. There is a rebuttable presumption that appointment of a parent as managing conservator is in the best interest of the child. *Id.* § 153.131(b). Specifically, a parent must be appointed managing conservator unless the court determines "that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development."[3] *Id.* § 153.131(a). The nonparent has the burden to rebut the parental presumption by a preponderance of the evidence. *V.M. v. Texas Dep't of Fam. & Protective*

---

[3] If the parent is not appointed managing conservator, the trial court shall appoint the parent possessory conservator "unless it finds that the appointment is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child." Tex. Fam. Code § 153.191. The associate judge's order does not mention possessory conservatorship, and Father does not mention it in his appellate brief.

*Servs.*, No. 03-23-00117-CV, ___ S.W.3d ___, 2023 WL 6632911, at *5 (Tex. App.—Austin Oct. 12, 2023, no pet.) (citing *A.S.*, 665 S.W.3d at 796).

Father surmises that the presumption applies, but the supreme court has held that the statutory fit-parent presumption "applies only in original custody determinations and does not apply in a modification suit," *In re V.L.K.*, 24 S.W.3d 338, 339–40 (Tex. 2000), unless the suit is to modify "an existing order that names a parent as the child's managing conservator," *In re C.J.C.*, 603 S.W.3d 804, 808 (Tex. 2020). "A 'modification suit' refers to an action in which a party attempts to effectuate a change in visitation rights following the entry of an initial custody order." *In re Vogel*, 261 S.W.3d 917, 922 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see* Tex. Fam. Code § 156.101(a)(1) (authorizing court to modify previous order if, relevant here, "the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed"). The Department sought to modify the terms of the existing order because Daniel's circumstances had changed, and that order did not appoint Father as managing conservator. *See In re C.J.C.*, 603 S.W.3d at 808 (clarifying that only "that parent" appointed as managing conservator in original order retains presumption in modification suit). We conclude that the Section 153.131 parental presumption does not apply to this modification proceeding. *See id.* at 807–08; *Johnson v. Kimbrough*, ___ S.W.3d ___, ____, No. 03-22-00100-CV, 2023 WL 6135780, at *7 (Tex. App.—Austin Sept. 20, 2023, no pet.) (explaining that "parent who was not appointed as child's managing conservator in order sought to be modified could not avail himself of fit-parent presumption in modification proceeding").

Absent that presumption, the Department had the burden only to show that Daniel's circumstances had changed and that the requested modification was in his best interest. *See In re Vogel*, 261 S.W.3d at 923 (explaining that absent presumption, movant "need

5

demonstrate only that modification would be in [the child's] best interest and that the circumstances have 'materially and substantially changed' since the [] custody order" (quoting Tex. Fam. Code § 156.101)). Father does not dispute that the Department proved a material and substantial change or that the requested modification—appointment of Great Grandparents as joint managing conservators together with Mother—is in Daniel's best interest.[4] We conclude the district court did not abuse its discretion and overrule Father's first issue.

### *Attorney Withdrawal*

Father argues in his second issue that the district court abused its discretion by "denying [his] request for [his trial] attorney to withdraw."

We review the grant or denial of a motion to withdraw for an abuse of discretion. *Sims v. Sims*, 623 S.W.3d 47, 54 (Tex. App.—El Paso 2021, pet. denied). "An attorney may withdraw from representing a party only upon written motion for good cause shown." Tex. R. Civ. P. 10. "A court abuses its discretion when it grants a motion to withdraw that does not comply with the mandatory requirements of rule 10." *C.G. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00289-CV, 2023 WL 5940218, at *5 (Tex. App.—Austin Sept. 13, 2023, no pet.) (mem. op.) (citing *Sims v. Fitzpatrick*, 288 S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2009, no pet.)).

The motion in this case did not comply with Rule 10 because it was not in writing. Father does not argue otherwise but contends that by refusing to permit his attorney to withdraw the associate judge denied him "the opportunity to speak for himself, and when he

---

[4] Father's only argument is that there is legally and factually insufficient evidence for the court "to properly draw the conclusion that the parental [presumption] was overcome." Father, however, may not invoke the Section 153.131 parental presumption here.

attempted to address the Court, he was shut down." We need not address this argument because the associate judge did not abuse her discretion by denying Father's counsel's motion to withdraw because it did not comply with Rule 10. *See id.* at *6 (concluding trial court did not abuse its discretion in denying motion to withdraw because it was not in writing, among other defects); *Elder v. Texas Dep't of Fam. & Protective Servs.*, No. 03-10-00876-CV, 2011 WL 4424299, at *3 (Tex. App.—Austin Sept. 20, 2011, no pet.) (mem. op.) (same). We overrule Father's second issue.

## CONCLUSION

We affirm the district court's order.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   January 31, 2024

7