

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00496-CV

**IN THE INTEREST OF V.D.L.** and **V.D.L.**, Children

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Irene Rios, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: January 8, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

The appellate proceeding before us began when R.L. ("Father"),[2] the father of two eleven-year-olds (the "Children), filed a notice of appeal from an order that terminated the parental rights of S.D. ("Mother"), the Children's mother, and appointed the Children's maternal grandmother ("Grandmother") as the Children's temporary managing conservator. Father subsequently appealed and, in lieu of filing an appellate brief, Father filed a petition for writ of mandamus.

"Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them." *In re Dukes*, No. 04-10-00257-CV, 2010 WL 1708251, at *2 (Tex. App.—San Antonio Apr. 28, 2010, orig. proceeding) (mem. op.) (reviewing a challenge to a trial

---

[1] This proceeding arises out of Cause No. 2016-PA-01463, styled *In the Interest of V.D.L. and V.D.L., Children*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Nicole Garza presiding.
[2] We refer to the children who are the subject of the underlying proceeding and their family members by pseudonyms in accordance with the Texas Family Code and the rules of appellate procedure. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

court's order appointing temporary managing conservators as an original proceeding). Accordingly, to the extent Father's filing of a notice of appeal expressed an intent to challenge the trial court's appointment of Grandmother as the Children's temporary managing conservator by interlocutory appeal, we lack jurisdiction.

Father directs us to neither an evidentiary hearing wherein he sought to be appointed the Children's managing conservator nor an order denying such a request. *See* TEX. R. APP. P. 33.1(a). More importantly, "conservatorship determinations are intensely fact driven," *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (internal citation and quotation marks omitted), and the mandamus record before us contains no evidence — including no testimonial evidence from Father — of what the trial court considered in assessing what is in the best interest of the Children. *See In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000) ("A court's primary consideration in any conservatorship case 'shall always be the best interest of the child.'" (quoting TEX. FAM. CODE ANN. § 153.002)); *see also, Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) ("As the parties seeking relief, the [relators] ha[ve] the burden of providing this Court with a sufficient record to establish their right to mandamus relief.").

Because we lack interlocutory appellate jurisdiction and because Father has filed a petition for writ of mandamus in lieu of an appellant's brief, we treat this case as an original proceeding for mandamus relief. After considering Father's petition for writ of mandamus and this record, this court concludes that Father is not entitled to the relief sought. *See* TEX. R. APP. P. 52.8(a). Accordingly, we deny Father's petition for writ of mandamus.

PER CURIAM

- 2 -