# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00281-CV

---

**Christine Hanson, Appellant**

**v.**

**Johny Jideofor Nwachukwu, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 21-2178-FC4, THE HONORABLE JOHN B. MCMASTER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Christine Hanson appeals the trial court's final order appointing Hanson and Johny Jideofor Nwachukwu as joint managing conservators of their daughter. In one issue, Hanson argues that the trial court abused its discretion by appointing her and Nwachukwu as joint managing conservators after finding that Nwachukwu committed family violence against Hanson. *See* Tex. Fam. Code § 153.004(b) (providing that court may not appoint joint managing conservators if credible evidence is presented of history or pattern of physical abuse by one parent directed against other parent). We will reverse and remand.

### BACKGROUND

In November 2023, Hanson filed a suit affecting the parent-child relationship seeking to be appointed sole managing conservator of her and Nwachukwu's three-year-old daughter. Hanson alleged that Nwachukwu had a history or pattern of committing family

violence against her in the previous two-year period.  Nwachukwu filed a counter-petition alleging that it was in their daughter's best interest that he and Hanson be appointed as her joint managing conservators.  In November 2024, the court conducted a bench trial during which it heard testimony from two witnesses—Hanson and Nwachukwu.  Hanson testified that she was assaulted by Nwachukwu in June 2021 in Harris County after which she stated she drove to Williamson County because she was "done with the continuous abuse."  Hanson described an incident in January 2023 during which Nwachukwu came to her home in Williamson County, "broke through the master bedroom door," hit her in the face twice, and left the residence.  Hanson testified that she called the police, and Nwachukwu "ended up getting arrested" and charged with family violence.  When asked whether Nwachukwu had "been physical" with her before the January 2023 incident, Hanson answered, "countless amount of times, yes," and that she "lost count, honestly" of the number of times he had caused physical injury to her.  Hanson described another incident in August 2022 that left "bruising on [her] legs" and "another black eye and knot on [her] forehead."  Hanson's testimony described other incidents as well, including one when Nwachukwu "tickled" her until she urinated on herself and left scratches on her stomach.

Nwachukwu admitted that he had "pushed" Hanson and caused a scratch on her eye.  When Nwachukwu was shown photographs of injuries to Hanson and asked if he denied causing them, Nwachukwu stated, "I mean, I'm not denying that," and agreed that things "got out of hand."  But Nwachukwu denied that his actions constituted family violence because he "got the case dismissed."  Regarding the tickling incident, Nwachukwu agreed that Hanson "was crying" but that he "tickled her in a playful manner, so it wasn't purposefully."

At the conclusion of the bench trial, the court stated:

2

Okay. I believe that he was violent with her. I believe that he was proactive in addressing that issue, and that he went, and he got counseling and help for it, and that's 24 classes he took over a year, at an hour and a half, which is no joke. I am going to order a joint managing conservatorship. And I am making a finding of domestic violence. This is to reaffirm that she was a victim of domestic violence. A finding of domestic violence rebuts the presumption [that] a joint conservatorship is in the child's best interest. I believe the presumption has been rebutted. However, based upon some of his actions in regards to his visitation, his possession and access, the difficulties he has had in regards to coordinating his visitation, I believe it is in the child's best interest to order a joint managing conservatorship [].

Thereafter, the court signed an order appointing Hanson and Nwachukwu as joint managing conservators of their daughter. This appeal followed.

## DISCUSSION

The primary concern in determining conservatorship and possession of and access to the child is the best interest of the child. Tex. Fam. Code. § 153.002; *In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000). Generally, Texas encourages "co-parenting." *C.C. v. L.C.*, No. 02-18-00425-CV, 2019 WL 2865294, at *6 (Tex. App.—Fort Worth July 3, 2019, no pet.) (mem. op.) (noting that "the [F]amily [C]ode embodies the policy of co-parenting with its rebuttable presumption that joint managing conservatorship is in the best interest of the child."). It is the public policy of this state to "assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child" and to "encourage parents to share in the rights and duties of raising their children after the parents have separated or dissolved their marriage." Tex. Fam. Code § 153.001(a)(1), (3). Thus, there is "a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child." *Id.* § 153.131(b). But this presumption is removed—and the trial court is prohibited from appointing the parents as joint managing conservators—if the trial court

3

makes "[a] finding of a history of family violence involving the parents of a child." *Id.* §§ 153.004, .131(b); *see id.* § 153.005(c)(1) (stating that, in appointing sole or joint managing conservator, the trial court shall consider whether the "party engaged in a history or pattern of family violence").[1]  Because a family-violence finding reflects that the evidence of physical abuse is credible, *Baker v. Baker*, 469 S.W.3d 269, 273 (Tex. App.—Houston [14th Dist.] 2015, no pet.), it not only bars the trial court from appointing the parents as joint managing conservators but also creates a rebuttable presumption that (1) appointment of the abusive parent as sole managing conservator is not in the child's best interest and (2) unsupervised visitation with the abusive parent is not in the child's best interest.  *See* Tex. Fam. Code § 153.004(b), (e). The prohibition on appointing the parents as joint managing conservators when the trial court makes a finding of family violence involving them seems "to be based on the assumption that two people cannot be expected to cooperate to the extent necessary to co-parent when one of the parents has abused the other parent or a child."  *C.C.*, 2019 WL 2865294, at *16 (discussing Subsection 153.131(b) along with related provision in Subsection 154.004(b) that prohibits joint managing conservatorship when trial court makes family-violence finding).

The parties here do not dispute that the trial court made a finding of family violence, and the evidence presented at trial supports that finding.[2]  Because of this finding, the

---

[1]  Although "family violence" is not defined in Section 153.131, related provisions of the Texas Family Code use the definition provided in Section 71.004, which defines "family violence" to include, as relevant here, "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, [or] assault" or "is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, [or] assault," with "defensive measures to protect oneself excluded."  Tex. Fam. Code § 71.004(1).

[2]  In fact, after trial, Nwachukwu filed proposed findings of fact and conclusions of law that included a proposed finding that "Nwachukwu has a history or pattern of committing family

Texas Family Code prohibited the trial court from appointing Hanson and Nwachukwu as their daughter's joint managing conservators.

Conservatorship determinations are reviewed for an abuse of discretion. *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably, meaning that it acts without reference to any guiding rules or principles. *J.J.R.S.*, 627 S.W.3d at 218. Here, the trial court's appointment of Hanson and Nwachukwu as joint managing conservators was in direct contravention of the provision of the Texas Family Code and, consequently, constituted an abuse of discretion. We sustain Hanson's sole appellate issue.

## CONCLUSION

Because the trial court abused its discretion in appointing Hanson and Nwachukwu as joint managing conservators, we reverse the trial court's conservatorship determinations and remand the case for further proceedings.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Reversed and Remanded

Filed:  April 2, 2026

_____

violence during the two years preceding the date of the filing of the suit or during the pendency of the suit."