**AFFIRM in part; REVERSE in part; REMAND and Opinion Filed June 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00380-CV**

**IN THE INTEREST OF C.B.B., A CHILD**

**On Appeal from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-54431-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Nowell

Father appeals from an order that changed his status from joint managing conservator to possessory conservator and appointed Mother sole managing conservator of C.B.B. In three issues, Father argues (1) the trial court erred by signing the order because the petition's affidavit of service was not notarized; (2) Mother presented no credible evidence his parental rights should be modified; and (3) the visitation schedule lacks specificity such that it is unenforceable and risks denying him all visitation. The Office of the Attorney General filed a letter stating it declined to file a brief. Mother likewise did not file a brief.

We conclude the March 15, 2023 order in the suit to modify parent child relationship was proper to the extent Father challenges the trial court's jurisdiction based on a deficiency in the affidavit of service. We reverse the trial court's March 15, 2023 order and remand for further proceedings regarding conservatorship and possession of C.B.B. In all other respects, the order is affirmed.

## Background

On July 22, 2022, the Attorney General filed an original petition in suit affecting the parent-child relationship. Mother and Father were separated, and C.B.B. resided with Mother. The Attorney General asked the court, among other things, to appoint appropriate conservators pursuant to Texas Family Code section 153.005. On October 18, 2022, the court signed an order appointing Mother and Father joint managing conservators of C.B.B.

On January 5, 2023, Mother filed a petition to modify the parent-child relationship and requested an ex parte temporary restraining order. She asked, in part, that (1) the court appoint her sole managing conservator and Father possessory conservator and that (2) Father's possession schedule be supervised during daytime hours with someone other than his family members and, if by a professional or at a facility, paid for by Father. In her supporting affidavit, Mother alleged Father was "an illegal drug user and prescription drug abuser . . . and [r]ecently . . . tested positive for cocaine." She accused him of abusing Adderall and stealing pills from his sister on January 1, 2023. She stated his family knew about his problems but

failed to take them seriously. She believed "[e]ach day that goes by under the current situation puts our young son at great risk of physical harm."

On March 15, 2023, the court held a prove-up hearing. The entire hearing transcript, including the index and reporter's certificate, consists of twelve pages with no exhibits. The court took judicial notice of the contents of the court's file, stated citation had been on file for the requisite period of time, and noted Father did not appear in court. Mother was the only witness. She testified in accordance with her affidavit that Father had a documented criminal history, tested positive for cocaine, abused Adderall, and stole Adderall pills from his sister in January 2023. She also testified Father was noncompliant with his visitation schedule (described in her affidavit as "intermittent at best"). She believed it was in C.B.B.'s best interest to appoint her sole managing conservator and Father possessory conservator. The court granted Mother's requests and signed an order the same day.

In addition to appointing Mother sole managing conservator and Father possessory conservator, the order provided the following regarding visitation:

> IT IS ORDERED that [FATHER] shall have supervised visitation with the child at times mutually agreed to in advance by the parties. All periods of supervised visitation shall occur at a neutral public location, such as a park, playground, or restaurant.

> IT IS ORDERED that all periods of visitation between [FATHER] and the child shall occur during daytime hours, be supervised by [MOTHER] or a competent adult of [MOTHER'S] choice, or an entity of [MOTHER'S] choice that specializes in supervised visitation.

–3–

If a facility or entity is chosen to supervise [FATHER'S] periods of visitation, IT IS ORDERED that [FATHER] is responsible for 100% of the costs associated for supervised visits.

Father filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## Service of Citation

In his first issue, Father argues he was not properly served, and thus not subject to a default judgment, because the affidavit of service was not notarized and the record does not reflect he was called three times in the hallway prior to the prove-up hearing. Texas Rule of Civil Procedure 501.3(e) states that "[i]f a return is signed by a person other than a sheriff, constable, or clerk of the court, the return must either be verified *or* signed under penalty of perjury." TEX. R. CIV. P. 501.3(e). A return signed under penalty of perjury must contain the statement below "in substantially the following form:"

> My name is (First) (Middle) (Last), my date of birth is (Month) (Day), (Year), and my address is (Street), (City), (State) (Zip Code), (Country). I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed in _____ County, State of _____, on the ___ day of (Month), (Year).
>
> _____
> Declarant

*Id.*

The affidavit of service was not verified, but it was signed under penalty of perjury and substantially complied with the above language. Accordingly, Father

–4–

was properly served with citation, yet failed to answer or show up to the hearing. To the extent Father contends the trial court had an obligation to call his name three times in the hallway before proceeding with the hearing, he provides no such authority supporting his proposition. Father's first issue is overruled.

**Possessory Conservatorship**

In his second issue, Father argues Mother presented "no credible evidence" his acts or omissions impaired C.B.B.'s physical health or emotional development to "demote" him to a possessory conservator.

### A.    *Standard of Review*

The supreme court has distinguished the standard applicable to termination of parental rights from that of conservatorship appointments, stating:

> [T]he quantum of proof required to support a termination decision differs from the level necessary to support a conservatorship appointment. Termination decisions must be supported by clear and convincing evidence. Due process compels this heightened standard because terminating the parent-child relationship imposes permanent, irrevocable consequences. On the other hand, a finding that appointment of a parent as managing conservator would significantly impair the child's physical health or emotional development is governed by a preponderance-of-the-evidence standard. These differing proof standards, in turn, affect the method of appellate review, which is more stringent for termination decisions than for those regarding conservatorship . . . . Conservatorship determinations . . . are subject to review only for abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable.

*Interest of J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citations omitted). When determining conservatorship, the trial judge should focus on the child. *Interest of A.V.*, No. 05-20-00966-CV, 2022 WL 2763355, at *6 (Tex. App.—Dallas July 15,

2022, no pet.) (mem. op.). In contrast, the focus in a termination case is on the behavior of the parents. *Id.*

In applying the abuse of discretion standard, we first determine whether the trial court had sufficient evidence upon which to exercise its discretion and then whether the trial court erred by applying its discretion. *Interest of S.T.*, 508 S.W.3d 482, 489 (Tex. App.—Fort Worth 2015, no pet.); *see Interest of C.H.*, 89 S.W.3d 17, 28–29 (Tex. 2002). Legal and factual insufficiency are not independent grounds for asserting error but are merely relevant factors in assessing whether a trial court abused its discretion. *Interest of M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.). After assessing the sufficiency of the evidence, we determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Interest of S.T.*, 508 S.W.3d at 489.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable

factfinder could not. *Id.* at 490; *City of Keller v. Wilson*, 168 S.W.3d 802, 811 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside and a new trial ordered. *Interest of S.T.*, 508 S.W.3d at 489.

A trial court abuses its discretion by ruling without supporting evidence. *Id.*; *see also Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Interest of S.T.*, 508 S.W.3d at 490.

A court's primary consideration in determining the issue of conservatorship must always be the best interest of the child. TEX. FAM. CODE ANN. § 153.002; *Interest of S.T.*, 508 S.W.3d at 490. There is a rebuttable presumption that appointment of a parent as managing conservator is in the child's best interest. TEX. FAM. CODE ANN. § 153.131. Section 153.131(a) provides

> Subject to the prohibition in Section 153.004 unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be

appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

*Id.* § 153.131(a).[1]  The parental presumption in section 153.131 "is based upon the natural affection usually flowing between parent and child." *Interest of S.T.*, 508 S.W.3d at 491 (quoting *Interest of V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000)).

The supreme court discussed the "significantly impair" standard in *Lewelling v. Lewelling* and determined the person seeking custody of the child must identify some act or omission committed by the parent that demonstrates naming him as managing conservator will significantly impair the child's physical health or emotional development.  796 S.W.2d 164, 167–68 (Tex. 1990); *see also Interest of K.R.B.*, No. 02–10–00021–CV, 2010 WL 3928727, at *4 (Tex. App.—Fort Worth Oct. 7, 2010, no pet.) (mem. op.) ("Impairment must be proved by a preponderance of the evidence indicating that some specific, identifiable behavior or conduct of the parent, demonstrated by specific acts or omissions of the parent, will probably cause that harm.").  Acts or omissions that constitute significant impairment include, but are not limited to, physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior by the parent. *Interest of S.T.*, 508 S.W.3d at 492.  The material time to consider is the present, and evidence of past conduct may not, by itself, be sufficient to show present unfitness. *Id.*  Other considerations may include

---

[1] The supreme court has held the statutory fit-parent presumption "applies only in original custody determinations and does not apply in a modification suit," *In re V.L.K.*, 24 S.W.3d 338, 339–40 (Tex. 2000), unless the suit is to modify "an existing order that names a parent as the child's managing conservator." *In re C.J.C.*, 603 S.W.3d 804, 808 (Tex. 2020).

parental irresponsibility, a history of mental disorders and suicidal thoughts, frequent moves, bad judgment, child abandonment, and an unstable, disorganized, and chaotic lifestyle that has put and will continue to put the child at risk. *Id.*; *see also In re R.R.*, No. 02–13–00464–CV, 2014 WL 3953930, at *3 (Tex. App.—Fort Worth Aug. 14, 2014, no pet.) (mem. op.). The link between the parent's conduct and harm to the child may not be based on evidence that merely raises a surmise or speculation of possible harm. *Interest of S.T.*, 508 S.W.3d at 493.

### B. Discussion

We consider the evidence presented in this case with the understanding it was Mother's burden to affirmatively prove by a preponderance of the evidence that Father remaining a joint managing conservator would "significantly impair" C.B.B. either physically or emotionally. *See Lewelling*, 796 S.W.3d at 167.

Mother testified Father had a history and pattern of abusing both prescription and illegal drugs. She alleged he tested positive for cocaine, abused Adderall, and stole Adderall pills from his sister in January 2023. However, Mother failed to present any evidence "linking" Father's alleged drug use with any actual or probable harm to C.B.B. *Interest of S.T.,* 508 S.W.3d at 492–93 ("The link between the parent's conduct and harm to the child may not be based on evidence that merely raises a surmise or speculation of possible harm.").

Mother also testified Father had a documented criminal history. Similarly, she did not testify to any details regarding Father's alleged transgressions or when

–9–

they occurred, nor did she seek to admit documentary evidence providing the information. As such, there was no evidence in the record that would allow the court to determine whether Father's alleged criminal conduct could result in actual or probable harm to C.B.B.

Mother's unchallenged assertions about Father's behavior, absent additional evidence supporting these assertions, is no more than a scintilla of evidence that Father engaged in specific acts or omissions that demonstrate allowing him to remain joint managing conservator would result in significant impairment to C.B.B.'s physical health or emotional development. *See Lewelling,* 796 S.W.3d at 167. Accordingly, there was legally insufficient evidence to support removing Father as joint managing conservator of C.B.B.

We also cannot conclude the evidence in this case is factually sufficient to support the conclusion. Evidence of past conduct may not, by itself, be sufficient to show present unfitness. *Interest of S.T.*, 508 S.W.3d at 492. Mother's allegations surrounding Father's drug use lack specificity. The only date provided in Mother's testimony concerns Father's alleged stealing of pills from his sister in January 2023. While her affidavit maintained Father "recently" tested positive for cocaine, Mother provided no evidence of when the test was conducted or by whom.

We do not minimize allegations of Father's drug use; however, Mother failed to present any evidence Father used illegal or prescription drugs in a manner or under circumstances that harmed or threatened to harm C.B.B. in any way. Without such

–10–

evidence, we cannot conclude that any danger to C.B.B. from Father's cocaine and Adderall use rises above mere "suspicion or speculation of possible harm." *See, e.g.,* *A.S. v. Tex. Dep't of Fam. & Protective Servs.*, 665 S.W.3d 786, 798 (Tex. App.— Austin 2023, no pet.) (reversing for factually insufficient evidence because no evidence mother's alleged marijuana use harmed or threatened to harm children); *Interest of D.C.N.*, No. 04-23-00617-CV, 2023 WL 8793141, at \*6 (Tex. App.—San Antonio Dec. 20, 2023, no pet.) (mem. op.) (reversing for factual insufficiency because no direct or circumstantial evidence linked alcohol use to any actual or probable harm to child).

We reach the same conclusion regarding Mother's allegations of Father's "documented criminal history." Without evidence detailing Father's alleged transgressions or when they occurred, we cannot conclude that any danger to C.B.B. from Father's criminal history rises above mere "suspicion or speculation of possible harm." *A.S.*, 665 S.W. 3d at 798 (reversing for factually insufficient evidence because there was no evidence of domestic violence allegation).

On this record, we conclude the evidence is both legally and factually insufficient. *See, e.g.*, *In re S.T.*, 508 S.W.3d at 498; *A.S.*, 665 S.W. 3d at 798; *Interest of D.C.N.*, 2023 WL 8793141, at \*6. Therefore, the trial court's decision to appoint Mother as C.B.B.'s sole managing conservator and Father as possessory conservator was unreasonable and constitutes an abuse of discretion. We sustain

Father's second issue and remand for further proceedings regarding conservatorship.[2]

**Possession Schedule**

Father argues in his third issue that the trial court's possession order exceeds what is required to protect C.B.B. and lacks specificity thereby potentially denying him complete access to C.B.B. The trial court found good cause to deviate from the Standard Possession Order contained in sections 153.311 through 153.317 because the Standard Possession Order was "unworkable or inappropriate under these circumstances." These sections, however, refer to possession of a possessory conservator. Because we have sustained Father's second issue, we do not address his third issue except to caution the trial court that if it determines on remand that Father should remain a possessory conservator, then the possession order "shall specify and expressly state in the order the times and conditions for possession of or access to the child, unless a party shows good cause why specific orders would not be in the best interest of the child." TEX. FAM. CODE ANN. § 153.006(c).

---

[2] We are mindful of section 156.101's requirement that a trial court may modify a conservatorship or possession order if modification would be in the best interest of the child *and* the circumstances of the child, conservator, or other party affected by the order have materially and substantially changed since the earlier of either the date of the rendition of the order or the date of the signing of a modified or collaborative law settlement on which the order is based. TEX. FAM. CODE. ANN. § 156.101(a)(1)(A)-(B). The original order was signed on October 18, 2022, and Mother filed her SAPCR petition on January 5, 2023. Her petition made a cursory allegation that circumstances had materially and substantially changed; however, there is no development of these allegations in the record, and the trial court's order made no such finding. Father has not raised this issue on appeal; however, on remand, the parties and trial court should be mindful both prongs of section 156.101 must be met to modify the October 18, 2022 order.

**Conclusion**

We conclude the March 15, 2023 order in the suit to modify parent child relationship was proper to the extent Father challenges the trial court's jurisdiction based on a deficiency in the affidavit of service. We reverse the trial court's March 15, 2023 order and remand for further proceedings regarding conservatorship and possession of C.B.B. In all other respects, the order is affirmed.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

230380F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.B.B., A CHILD

No. 05-23-00380-CV

On Appeal from the 468th Judicial District Court, Collin County, Texas
Trial Court Cause No. 468-54431-2022.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** the trial court's March 15, 2023 order regarding conservatorship and possession of C.B.B. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that Cory Blaine Bumpus recover his costs of this appeal from appellee Caley Rebecca Rosenberg.

Judgment entered this 28th day of June 2024.